The order denying a new trial is reversed, and a new trial directed.

PATRICK NEW and Wife *vs.* JOHN WHEATON, impleaded, etc.

March 9, 1878.

**Deed Absolute in Form Held a Mortgage—Occupancy and Possession by Mortgagor Held Notice.**—N. made to F. a deed of land in form absolute, but in legal effect a mortgage. F. mortgaged the land to W., who in taking the mortgage relied upon F.'s title as it appeared upon his deed from N., and upon F.'s representation that he owned the land. At the time when W. took his mortgage N. was in the possession and occupancy of the land, and of this possession and occupancy W. then had actual notice. Nothing appearing to do away with the effect of such possession and occupancy, and W.'s actual notice thereof, *held*, in accordance with the doctrine of *March* v. *Morrison*, 4 Minn. 325, (422,) and *Groff* v. *Ramsey*, 19 Minn. 44, that the same were notice to W. of N's rights in and to the land.

This was an action to set aside or declare void the title of the defendant Wheaton to a certain lot of land in Ramsey county. The cause was tried in the district court for said county by *Brill*, J., without a jury, and judgment was rendered for defendants for costs and disbursements. The defendant Wheaton appealed from this judgment.

*H. J. Horn,* for appellant, argued that under our system of registry laws the doctrine of implied notice was not favored, (4 Kent's Com. 179, 180, note; *McMechan* v. *Griffing*, 3 Pick. 149; *Rogers* v. *Jones*, 8 N. H. 264; *Fassett* v. *Smith*, 23 N. Y. 258; *Williamson* v. *Brown*, 15 N. Y. 361;) that the notice based upon possession was implied rather than constructive notice, and therefore not conclusive, (*Flagg* v. *Mann*, 2 Sumn. 556; *Hewes* v. *Wiswell*, 8 Greenl. 94;) that the ordinary presumption arising from possession was in this instance rebutted by the conveyance of the party in possession, (*Jackson* v. *Bur-*

*ton*, 1 Wend. 341; *Burhans* v. *Van Zandt*, 7 Barb. 91, 100; *Zeller's Lessee* v. *Eckert*, 4 How. 289; *Cook* v. *Travis*, 22 Barb. 339; *Fassett* v. *Smith*, 23 N. Y. 258; *Hewes* v. *Wiswell*, 8 Greenl. 99; *Cary* v. *White*, 7 Lan. 1, 5; *McMechan* v. *Griffing*, 3 Pick. 149; *Rogers* v. *Jones*, 8 N. H. 264;) and that plaintiffs were estopped by their culpable negligence from claiming the deed in question to be other than what it purported to be. *Pence* v. *Arbuckle*, 22 Minn. 418, 421.

*Davis, O'Brien & Wilson* for respondents, argued that open and notorious possession of land by a person other than the grantor is sufficient to put a purchaser upon inquiry, (*Keyes* v. *Test*, 33 Ill. 316; *Scroggins* v. *McDougald*, 8 Ala. 382; *Burns* v. *Taylor*, 23 Ala. 255; *Garrett* v. *Lyle*, 27 Ala. 586; *Phillips* v. *Costly*, 40 Ala. 486; *Dutton* v. *Warschauer*, 21 Cal. 609; *Wyatt* v. *Elam*, 23 Ga. 201; *Brown* v. *Gaffney*, 28 Ill. 149; *Bank* v. *Godfrey*, 23 Ill. 607; *Reeves* v. *Ayres*, 38 Ill. 418; *Aldrich* v. *Aldrick*, 37 Ill. 32; *Moreland* v. *Lemasters*, 4 Blackf. 383; *Meni* v. *Rathbone*, 21 Ind. 454; *Glidewell* v. *Spaugh*, 26 Ind. 319; *Moore* v. *Pierson*, 6 Iowa, 279; *Butch* v. *Lash*, 4 Iowa, 215; *Hubbard* v. *Long*, 20 Iowa, 149; *Sears* v. *Munson*, 23 Iowa, 380; *Woodward* v. *Clark*, 15 Mich. 104; *Dixon* v. *Doe*, 9 Miss. 70; *Jones* v. *Loggins*, 37 Miss. 546; *Patten* v. *Moore*, 32 N. H. 382; *Diehl* v. *Page*, 3 N. J. Eq. 143; *McKinzie* v. *Perrill*, 15 Ohio St. 162; *Stewart* v. *McSweeney*, 14 Wis. 507; 4 Kent, 179;) that if he has knowledge at the time of the purchase that the premises are in the possession of a third person, he is bound to take notice of the legal or equitable title of such third person, (*Grimstone* v. *Carter*, 3 Paige, 421; *Johnston* v. *Glancy*, 4 Blackf. 94; *Moreland* v. *Lemasters*, Id. 383,) and is bound to use all diligence in ascertaining by what right or title such third person holds the land. *Ehle* v. *Brown*, 31 Wis. 405; *Wicke* v. *Lake*, 21 Wis. 411; *Kelley* v. *Stanberry*, 13 Ohio, 408; *Knox* v. *Thompson*, 1 Litt. (Ky.) 351; *Rood* v. *Chapin*, Walk. (Mich.) 79; *Godfrey* v. *Disbrow*, Id. 260.

They also claimed that it was immaterial whether the

mortgagee's liability upon the bail-bond had terminated or not, and therefore that plaintiffs were entitled to the affirmative relief prayed for in the complaint.

BERRY, J. The facts of this case as found by the court below are these: On January 5, 1874, the plaintiff Patrick New, being the owner of certain land, executed, together with the plaintiff Julia New, his wife, a deed conveying the same in fee simple to defendant Farrell, which was duly recorded on the twenty-fourth day of the same month. The deed was executed in pursuance of an agreement between the plaintiffs and Farrell, to the effect that the land should be conveyed to the latter to secure him for liability incurred by him by becoming surety on a bail-bond for a son of the plaintiffs who was in custody upon a criminal charge.

On January 27, 1874, Farrell applied to defendant Wheaton for a loan, offering the land aforesaid as security, and representing that he was the owner of it. Thereupon Wheaton lent him (Farrell) $1,000 upon his note and a mortgage upon the land, executed by him as security. Wheaton relied upon Farrell's title as it appeared upon his deed, and upon Farrell's said representation.

At the time of loaning the money and taking the mortgage Wheaton had "actual notice that said real estate was in the possession of said plaintiffs, and was occupied by them." It does not appear that defendant Farrell's liability on the bail-bond has terminated.

As conclusions of law it is found :—*First*, that the conveyance from plaintiffs to Farrell is in effect a mortgage ; *second*, that the possession of the real estate by plaintiffs, at the time the mortgage from Farrell to Wheaton was given, was notice to Wheaton of plaintiffs' rights as respected the same ; and, *third*, that it not appearing that the liability of Farrell upon the bond is terminated, plaintiffs are not entitled to judgment in this action.

Judgment was rendered for defendants for costs and disbursements. The defendant Wheaton appeals to this court.

As to the correctness of the first conclusion of law upon the facts found there is no controversy.

The principal attack of the appellant in this court is made upon the second conclusion of law. This conclusion is, however, supported by *Morrison v. March*, 4 Minn. 325, (422;) and *Groff* v. *Ramsey*, 19 Minn. 44. In both of these cases it was in effect held that actual possession of land by a person other than the vendor thereof is notice sufficient to put a purchaser, whether in fee simple or in mortgage, on inquiry as to the particulars of the title of the occupant.

In the case at bar there was not only an actual possession and occupancy by the plaintiffs at the time when the mortgage to Wheaton was executed, but Wheaton had at that time actual notice of such possession and occupancy. Nothing appears in the case to do away with the effect of this possession, occupancy and actual notice, as notice of plaintiffs' title. This effect is not done away with by the fact that the plaintiffs had made the conveyance, in fee simple, to Farrell; because their possession and occupancy are *prima facie* evidence of title in them, and therefore inconsistent with a fee simple title in Farrell, according to the terms of his deed. See *Palmer* v. *Bates*, 22 Minn. 532. Neither are the plaintiffs, as appellant contends, estopped, by their negligence in executing a deed absolute in form to Farrell, from claiming that it is a mortgage, for their possession and occupancy were notice to put the appellant on inquiry as to their rights at the time when he took his mortgage, so that he cannot in law claim to have been misled. The case of *Pence* v. *Arbuckle*, 22 Minn. 417, cited by appellant, is not at all in point; upon these grounds the second conclusion of law found by the court below is correct.

The plaintiffs' point that the third conclusion of law should be modified, so as to give the affirmative relief prayed for in the complaint, at least against defendant Wheaton, cannot be be considered, as the plaintiffs have taken no appeal. *Edgerton* v. *Jones*, 10 Minn. 341, (427.) Judgment affirmed.