ROBERT F. BAKER *vs*. PETER THOMPSON.

January 3, 1887.

**Judgment against Vendor in Unrecorded Contract—Purchaser's Possession as Notice—Deed to Partnership—Action by one Partner in Possession.**—Where a judgment creditor has notice, actual or constructive, of the rights of a vendee in possession of real estate under an unrecorded contract for the sale thereof, at the time of the entry of his judgment, the lien of the judgment will be held subordinate to the equitable title of such vendee; and where a deed made to a partnership by their firm name, in pursuance of the same contract, was lost, and not recorded, and a subsequent deed of the same land was thereafter made by the same grantors to one of the partners, *held* that, whether the title passed under the first or second deed, such individual partner grantee, being in possession, might maintain an action to determine the adverse claim of the judgment creditor.

Appeal by defendant from a judgment of the district court for Nobles county, where the action was tried by *Perkins, J.*, without a jury.

*Daniel Rohrer*, for appellant.

*Geo. W. Wilson*, for respondent.

VANDERBURGH, J. The action is to quiet title to the premises in controversy, plaintiff alleging possession. The defendant claims title thereto under execution sale upon a judgment docketed May 25, 1874, against plaintiff's grantors, who are the common source of title. From June 1, 1872, to December 1, 1874, the plaintiff and one W. I. Teed were partners, doing business under the firm name and style of Teed & Baker. The evidence supports the findings of fact by the court

that Teed & Baker entered into an agreement in writing for the purchase of the lot in question, upon which was a store building, in June, 1872, the purchase price to be paid in instalments within one year; and in case of failure on their part to complete the purchase, by the payment of the purchase-money as agreed, the vendors were at liberty, at their option, to cancel the agreement, in which case the purchasers were to pay a certain rental for the use of the premises in the mean time; also that the purchase-money due upon the agreement was paid in full on or before August 1, 1873, and a deed was accordingly, in pursuance thereof, made to Teed & Baker, by their firm name, and soon after, in the same year, delivered to their agent for them, in satisfaction of the contract. This deed was afterwards lost or destroyed. In December, 1874, plaintiff purchased the interest of his partner Teed in the partnership business and property, including his interest in the lot so jointly purchased and owned by them; and thereafter, upon the written request of Teed, another deed was made out and executed to the plaintiff as sole grantee, but was dated and recorded subsequent to the docketing of defendant's judgment. The evidence also warrants the findings that the defendant had actual notice of the existence of the contract of purchase referred to, in the year 1872, and that Teed & Baker were in the actual possession and occupancy of the lot and building thereon, by themselves or their tenants, under their contract and purchase, until the dissolution of the partnership. The second deed was made because of the loss of the first, and by the arrangement of the parties, in order to vest the title in the plaintiff solely.

1. The defendant was bound to take notice of the rights of the plaintiff and Teed & Baker in the premises, and his interest as judgment creditor was subordinate thereto. In such cases the creditor and execution purchaser, having notice, are not to be considered on the same footing with purchasers in good faith, under the statute. Gen. St. 1878, *c.* 40, § 21; *Lamberton* v. *Merchants' Nat. Bank,* 24 Minn. 281, 287; *New* v. *Wheaton,* Id. 406. Independently of the statute, the claim of the plaintiff under the contract of Teed & Baker was superior to that of the defendant as judgment creditor. *White* v. *Carpenter,* 2 Paige, 217; *Arnold* v. *Patrick,* 6 Paige, 310.

2. Both parties concede, for the purposes of this case, that the deed to Teed & Baker, by the partnership name, was invalid. If the legal title did not pass by that deed, (upon which we express no opinion,) then the owners of the land, their vendors, were in equity the trustees of the purchasers, and the latter were entitled to a deed of the premises, as tenants in common. By the arrangement of the parties, however, the subsequent deed was made to the plaintiff. If he acquired no title or interest under the prior deed, his title under the latter, united to his possession, was, of course, sufficient to enable him to maintain this action.

3. If, on the other hand, the prior deed sufficiently described and identified the grantees, so as to pass the title from the grantors, still the plaintiff would be entitled to bring this action to determine the adverse claim of the defendant, by virtue of his individual interest in the premises.

4. The appellant contends that there was no foundation laid for the introduction of parol proof of the contents of Teed's letter directing Miller and Humiston, with whom the contract was made, to execute the deed to Baker. We think, however, that the preliminary evidence introduced before the court was sufficient to establish a reasonable presumption of the loss of the letter. *Thayer* v. *Barney*, 12 Minn. 406, (502.) But, granting that the proof of the authority of the plaintiff to take the deed to himself individually was not legally sufficient, still (if the title had not passed by the former deed) the legal title would have passed to the plaintiff, though, as between him and his partner, he might, in equity, have been held to be the trustee of the latter as to his interest. The matter of the adjustment of their legal rights between themselves does not concern the defendant in this action.

Judgment affirmed.