(Opinion publis ed 52 N. W. Rep. 650.)

---

THOMAS W. GROFF *vs.* STATE BANK OF MINNEAPOLIS.

Argued May 23, 1892.    Decided June 22, 1892.

**Notice by Possession.**

> Possession of the granted premises by the grantor after delivery of his deed is as effectual, as notice of the interest of the occupant, as possession by a stranger to the record title.

Appeal by the defendant, the State Bank of Minneapolis, from a judgment of the District Court of Hennepin County, *Hooker*, J., entered November 5, 1891.

Benjamin B. Groff and Hugh A. Gilson jointly owned a lot fronting south upon Nineteenth street in Minneapolis. It was fifty feet front by two hundred feet deep. On May 4, 1887, they conveyed this lot to William H. Groff. On June 18, 1887, he deeded back the east half to Gilson, and on September 10, 1889, he deeded the west half to Thomas W. Groff, the son of Benjamin B. Groff. He did this on the father's request. The father was, by his tenants, in the actual occupancy of the west half of the lot from June 18, 1887, to September 10, 1889, and the son was, thereafter.

The bank recovered a judgment against Wm. H. Groff for $804.42, which was docketed May 10, 1888. It claimed this judgment to be a lien on the west half of the lot, because the title stood of record in the judgment debtor's name. Thomas W. Groff, the son, filed this bill to remove the cloud, claiming that the judgment debtor never had any beneficial interest in the property; that the deed to him was made to enable him to convey to the owners in severalty the half each had theretofore owned in common, and that the pos-

session of Benjamin B. Groff was notice of his rights. The District Court so held, and the bank appealed.

*Fletcher, Rockwood & Dawson,* for appellant.

If it be true that Benjamin B. Groff had a right to have the west half of the property reconveyed to himself, he had an equitable interest in it. The whole title as between him and Wm. H. Groff was not in Wm. H. Groff, and in order to convey the whole title to the plaintiff, it was necessary that Benjamin B. Groff should make a deed of his interest to plaintiff. There was no other way in which his interest could be conveyed to plaintiff. This was never done. Plaintiff stands then, with reference to the bank's judgment, just where Wm. H. Groff stood. He has no greater interest in the property than Wm. H. Groff had. Benjamin B. Groff still has his equitable interest. The conveyance of the property to Wm. H. Groff was for the purpose of creating an express trust mentioned in 1878 G. S. ch. 43, §§ 14, 20. It therefore took effect according to the provisions of section 20.

It was the English rule that possession by a party, either by his tenants or himself, was notice of any right which he might have in the premises. In England, in the absence of registration laws, that rule was a necessity. It has not been adopted in the United States. The registration laws have provided a better means of notifying all the world of the rights of a party in any property. The necessity for the English rule does not here exist. But if it does, an exception is made in the case of a grantor holding possession after he has made conveyance of the land. So many and such eminent courts have adopted this exception that it is now the general rule in the United States. 16 Am. & Eng. Encyc. of Law, 803; *Newhall* v. *Pierce,* 5 Pick. 450; *Cook* v. *Travis,* 20 N. Y. 400; *Abbott* v. *Gregory,* 39 Mich. 68; *May* v. *Sturdivant,* 75 Iowa, 116; *Tuttle* v. *Churchman,* 74 Ind. 311; *Groton Savings Bank* v. *Batty,* 30 N. J. Eq. 126; *Patten* v. *Moore,* 32 N. H. 382.

Benjamin B. Groff in August, 1887, caused Wm. H. Groff to mortgage the lot to secure the notes of Wm. H. Groff. This was notice to all the world that Wm. H. Groff, and not himself, was the owner of this property.

By his delay in securing a conveyance of the property, he allowed Wm. H. Groff to appear upon the record as the owner of it. He held out to the public and to the creditors of Wm. H. Groff, that this property belonged to Wm. H. Groff, and they had a right to rely upon it. The cases in this state are, *Morrison* v. *March*, 4 Minn. 422, (Gil. 325;) *Roberts* v. *Grace*, 16 Minn. 126, (Gil. 115;) *Palmer* v. *Bates*, 22 Minn. 532; *Wilkins* v. *Bevier*, 43 Minn. 213; *New* v. *Wheaton*, 24 Minn. 406.

*S. A. Reed*, for respondent.

The Supreme Court of Minnesota has fully settled the question of trust, and it is only necessary to refer the court to the case of *Randall* v. *Constans*, 33 Minn. 329.

One who purchases real estate in the actual occupation of a third person, is chargeable with notice of the interest of such person, and should communicate with him, and ascertain the particulars of his claim. Freeman, Judgments, § 357; *Morrison* v. *March*, 4 Minn. 422, (Gil. 325;) *Groff* v. *Ramscy*, 19 Minn. 44, (Gil. 24;) *Wilkins* v. *Bevier*, 43 Minn. 213; 2 Devlin, Deeds, §§ 762, 763, 764.

A person holding the title to land under a parol trust which has been executed by that person before sale upon execution against him, has no interest on which the lien of the judgment can attach. *Blankenship* v. *Douglas*, 26 Tex. 225; *Siemon* v. *Schurck*, 29 N. Y. 598; *Norton* v. *Mallory*, 63 N. Y. 434.

A judgment creditor having acquired knowledge outside the records, of the condition of the title and the claims of third persons, cannot prevail against such claims. *Lamberton* v. *Merchants' Nat. Bk., Winona*, 24 Minn. 281; *Wolf* v. *Zabel*, 44 Minn. 90.

This court has passed on this same question, as well as California, Illinois, and Wisconsin. *New* v. *Wheaton*, 24 Minn. 406; *Pell* v. *McElroy*, 36 Cal. 268; *Illinois Cent. R. Co.* v. *McCullough*, 59 Ill. 166; *Brinkman* v. *Jones*, 44 Wis. 498.

MITCHELL, J. The undisputed facts in this case are that Benjamin B. Groff and Hugh A. Gilson, being the owners as tenants in common of certain real estate, on May 4, 1887, without consideration,

conveyed it to one William H. Groff for the sole purpose of effecting a partition of the premises between them by having William H. Groff convey one half in severalty to each. This conveyance was recorded July 13, 1887. In pursuance and execution of this arrangement, William H. Groff conveyed one half in severalty to Gilson, but made no conveyance at that time of the other half (the premises in dispute) to Benjamin B. Groff; but the latter immediately (June 18, 1887) went into the actual, open, and exclusive possession and occupancy of it, and so continued until it was conveyed to the plaintiff, as hereinafter stated. While Benjamin B. Groff was thus in the actual possession and occupancy of the premises, but the title of record in William H. Groff, the defendant, on May 10, 1888, obtained and docketed a judgment against William H. Groff. On September 10, 1889, William H. Groff, at the request of Benjamin B. Groff, conveyed the premises to plaintiff, who immediately entered into the actual possession and occupancy of the same, and has ever since so continued. This action is brought to remove the cloud on plaintiff's title caused by the apparent lien of defendant's judgment on the premises.

1. It is not important whether or not the trust under which William H. Groff held the title for the benefit of Benjamin B. Groff was enforceable while still executory. It was entirely competent and lawful for him to recognize and execute the trust, although not enforceable, and he has done so. *Randall* v. *Constans*, 33 Minn. 334, (23 N. W. Rep. 530.)

2. Creditors may be postponed or defeated by notice of claims of third parties to property the record and title of which is in their debtor; and possession may be notice to them, as well as to a purchaser, so as to preclude them from obtaining a lien on the estate or interest of the occupant. *Lamberton* v. *Merchants' Nat. Bank of Winona*, 24 Minn. 281. The general rule is that possession of land is notice to a purchaser of the possessor's title.

The only question in this case is whether this rule applies where the grantor remains, after the delivery of his deed, in possession of the granted premises. This is a question upon which the authorities are not agreed.

Some cases hold that the deed is conclusive that the vendor has reserved no interest in the land; that having, in effect, so declared by his conveyance, he is estopped from setting up any secret arrangement by which his grant is impaired; that, although he remains in possession, a person seeking to obtain an interest in the premises has a right to assume, without inquiry, that he is in possession merely for a temporary purpose, as tenant at sufferance of his grantee. But it seems to us that, inasmuch as the law allows possession to have the effect of notice, there is no good reason for making a distinction between possession by a stranger to the record title and possession by the grantor after delivery of his deed. In either case the possession is a fact inconsistent with the record title, and, if possession by the stranger is sufficient to make it obligatory upon a purchaser to ascertain his right, possession by the grantor is a circumstance entitled to equal consideration. An absolute deed divests the grantor of the right of possession as well as of the legal title, and when he is found in possession after delivery of his deed it is a fact inconsistent with the legal effect of the deed, and is suggestive that he still retains some interest in the premises. Under such circumstances, a purchaser has no right "to give controlling prominence to the legal effect of the deed," in disregard of the other "notorious antagonistic fact," that the grantor remains in possession just as if he had not conveyed. To say that the grantor is estopped by his deed is begging the question; for, if his possession is notice to third parties of his rights, there is no principle of estoppel that would prevent him from asserting against purchasers or creditors any claim to the premises which he might assert against his grantee. This view is abundantly sustained by authority. See Devl. Deeds, §§ 761–765; note to *Le Neve* v. *Le Neve*, 2 Lead. Cas. Eq. pt. 1, p. 180, *et seq.; Pell* v. *McElroy*, 36 Cal. 268.

In fact this court has already adopted it in *New* v. *Wheaton*, 24 Minn. 406. This disposes of the only questions in this case, and the result is that the judgment is affirmed.

(Opinion published 52 N. W. Rep. 651.)