(Opinion published 52 N. W. Rep. 972.)

---

ALMEDA MANNING *vs.* JOHN J. CULLEN.

Submitted on briefs July 12, 1892. Decided July 22, 1892.

**Findings Supported by Evidence.**
> Evidence *held* sufficient to support certain findings of fact by the trial court.

Appeal by plaintiff, Almeda Manning, from a judgment of the District Court of Ramsey County, *Egan*, J., entered March 17, 1892.

On January 3, 1890, one Bellows was the owner of lots three (3) and four (4) in Kribs and Gill's Subdivision of block eighty-eight (88) of Banning and Olivier's Addition to West St. Paul. On that day he conveyed the said lots, by warranty deed, to Frank J. Brehler, who, to secure part of the purchase price, executed and delivered to Bellows his notes for $800, secured by mortgage on the lots. The notes were afterwards indorsed by Bellows, and plaintiff became the

owner and holder of them. On December 30, 1890, Brehler conveyed the lots by warranty deed to defendant, John J. Cullen, subject to the mortgage. When the first note became due, plaintiff brought suit against Brehler and Bellows thereon, and recovered judgment against Brehler on February 7, 1891, for $448.78. This judgment has not been paid.

Plaintiff alleges that Cullen was the real party in interest, and verbally agreed to pay the notes when they were made, and also at the time of the deed from Brehler to him. The evidence was conflicting, Brehler testifying to the facts substantially as claimed by the plaintiff, and Cullen denying that he ever agreed to pay the notes. The court below found as a fact that Cullen did not agree to assume or pay the notes. . Judgment was entered on the findings in favor of defendant, and plaintiff appeals.

*Warner, Richardson & Lawrence,* for appellant.

*Dodd & Bowman,* for respondent.

VANDERBURGH, J. On the 3d day of July, 1890, one Bellows was the owner of the land described in the complaint, and on that day he conveyed the same by warranty deed to Frank J. Brehler, who, in part payment therefor, executed his notes to Bellows for $800, secured by a purchase-money mortgage. The notes were afterwards indorsed and transferred to the plaintiff, who is the present owner thereof. Thereafter, on December 30, 1890, Brehler conveyed the same land to the defendant, subject to the mortgage. It is alleged in the complaint that at the time of the conveyance to him, and in consideration thereof, the defendant expressly agreed to assume and pay these notes. It is also alleged that he had so promised and agreed when the purchase was originally made and the notes given, the plaintiff claiming that the title of Brehler was merely colorable, and that Cullen was the real purchaser. The findings of the court are in defendant's favor, and it is distinctly found that the defendant did not assume or agree to pay the notes, or either of them. The evidence is conflicting on the subject, but there is sufficient in defendant's favor to support the finding. And, conceding that such an agreement by

defendant, though by parol, made in consideration of the conveyance to him, would not be within the statute of frauds,—*Randall* v. *Constans*, 33 Minn. 335, (23 N. W. Rep. 530,)—yet it must be established, and cannot be inferred merely from the fact that Cullen was previously interested in the property, or that Brehler was holding it for him.   The deed made the property the primary fund for the payment of the mortgage indebtedness, and, in the absence of evidence of an express agreement to assume the notes, there is nothing on which to base the claim that the defendant is personally liable therefor to the plaintiff.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 973.)