### ALFRED TERRY *vs.* WILSON'S ESTATE.

Argued July 5, 1892.   Decided July 22, 1892.

**Commissions for Sale of Real Estate.**

Where a landowner agreed with his agent, employed to take charge of
and sell his lands upon commission, that he would allow the latter certain commissions on sales made by himself, he is only liable in case actual sales are made.   A transfer of the lands by the owner to secure his
debts will not entitle the agent to commissions.

**Denial—Under it an Absolute Deed may be Shown to be Mortgage.**

And under a denial of an alleged sale he may show that a conveyance
absolute in form was made for security only, and is, in fact, a mortgage.

Appeal by Alfred Terry, from an order of the District Court of
Hennepin County, *Canty*, J., made February 27, 1892, denying his
motion for a new trial.

J. E. Wilson owned certain lands in Murray County, and on February 19, 1889, made a contract with Alfred Terry by which Terry
agreed to act as his agent in renting, working and selling said lands,
and was to receive five per cent. commission on all sales made by

himself, and two and one-half per cent. "on sales where the first party or his agents bring in a purchaser." In September, 1889, Wilson conveyed a part of these lands to his brothers in Chicago. Wilson died in June, 1890, and Terry filed a claim in the Probate Court of Hennepin County against his estate for the sum of $626, claimed to be due him as his two and one-half per cent. commission on account of the deeds made by Wilson to his brothers. The claim was disallowed, and Terry appealed to the District Court, where pleadings were filed and the matter heard. The respondent introduced testimony, which was received by the court, tending to show that J. E. Wilson, in September, 1889, being indebted to his brothers about $20,000, for which they had no security, and desiring to borrow $15,000 more, executed to them the deeds before mentioned, solely for the purpose of securing the payment to them of these sums; that it was understood between Wilson and his brothers that the transaction was not a sale, but a mortgage. The District Court found that the transaction was not a sale by Wilson, so as to entitle Terry to the commission agreed upon in the contract; and affirmed the judgment of the Probate Court disallowing his claim. A motion for a new trial was denied, and Terry appealed.

*M. R. Tyler,* for appellant.

The transaction was not a mortgage. There is no evidence that the property was to be reconveyed to the grantor, on any condition. It was merely an attempt to create a trust by parol, and therefore void. *Randall* v. *Constans,* 33 Minn. 329; *Wolford* v. *Farnham,* 44 Minn. 159. The interest left in the grantor was not in the lands, but in any surplus of the proceeds after the debt was paid. *Camp* v. *Thompson,* 25 Minn. 175; *Butler* v. *White,* 25 Minn. 432; *Duclos* v. *Walton,* 28 Pac. Rep. 1. The transaction was a sale, and appellant is entitled to his commission.

*Wilson & Vanderlip,* for respondent.

Whenever property is transferred, no matter in what form, or by what conveyance or contrivance, if in reality it is security for a

debt or for the performance of some condition, equity will treat the transfer as a mortgage, and the character of the transaction may be shown by parol evidence. *Phœnix* v. *Gardner*, 13 Minn. 430, (Gil. 396;) *Marshall* v. *Thompson*, 39 Minn. 137; *Wakefield* v. *Day*, 41 Minn. 344.

VANDERBURGH, J.    By a contract entered into February 19, 1889, between appellant and J. E. Wilson (now deceased) in his lifetime, the plaintiff agreed to act as agent for the latter in the sale of his lands in Murray county for a commission of five per cent. in all cases where the plaintiff should find the buyer, and two and a half per cent. on sales where Wilson or his agents should produce a purchaser.    Plaintiff alleges that Wilson himself found a purchaser for the lands described in the complaint, for which he claims a commission of two and a half per cent. on the purchase price.

This allegation is denied, and in support thereof it appears that Wilson conveyed or caused to be conveyed the lands in question to his brothers in the city of Chicago, in August and September, 1889, and the title thereof still appears of record in their names.    The court, however, finds upon sufficient evidence that such conveyances were made to the grantees solely for the purpose of securing the repayment to them of large sums of money advanced to said J. E. Wilson by his said brothers at various times previous to and at the time of the making of the said conveyance; that no sale of the lands was contemplated, but it was orally understood or agreed between the parties at the time that any surplus derived from the sale of the lands, after payment of the indebtedness intended to be secured by the conveyances, should be paid over to Wilson.

Upon this state of facts the court very properly found that this transaction was not a sale to purchasers produced by Wilson, and that plaintiff was not, therefore, entitled to the commissions claimed. The contract referred to contemplated an actual sale, and the plaintiffs were entitled to show, under the issues as presented, that the transaction was not a sale but a mortgage. *Wakefield* v. *Day*, 41 Minn. 344, (43 N. W. Rep. 71.)    After the conveyance referred to,

the lands were left in the charge of Wilson, with the right to dispose of the same as before, and sales made by him or by plaintiff under the contract were to be recognized by his brothers, and conveyances made by them when required, so that the contract, and the relations of the parties to it, were in no way interfered with by the mortgage.

Order affirmed.

(Opinion published 52 N. W. Rep. 973.)