HENRY JONES v. CICERO H. BRENIZER.[1]

December 21, 1897.

Nos. 10,713—(204).

Adverse Claims — Adverse Possession by Plaintiff — Bona Fide Purchase from Former Owner — Defense — Failure to Examine Records.

> J. was in the exclusive, open and notorious possession of land, under a claim of title in fee, and there were no records of title inconsistent with this claim or right. While J. was so holding said premises, T. J., who had once held a title to the undivided one-half thereof, but had conveyed it to J. (the deed not being recorded), conveyed by quitclaim deed, under claim of ownership, said undivided half to B., who made no inquiry as to the title of J. to the land, but sought, as a defendant in an action by J. against him to determine the rights of the parties to the land, to enforce his rights to one-half of said land as a bona fide purchaser and owner thereof. *Held*, that his defense cannot be maintained, and that he had no title or estate in the land, as against J.

Appeal by defendant from an order of the district court for Blue Earth county, Severance, J., denying a motion to vacate a decision in favor of plaintiff and for a new trial. Affirmed.

*Lorin Cray*, for appellant.

*Hughes, Rice & Hughes*, for respondent.

BUCK, J.

On March 4, 1878, Ellen Dackins owned 160 acres of land in Blue Earth county in this state, and on that day (her husband, Daniel Dackins, joining with her) she deeded the property to Henry Jones, the plaintiff, and to one Thomas Jones, for the expressed consideration of $2,600. This deed was never recorded. On December 6, 1884, Thomas Jones and wife conveyed by quitclaim deed to the plaintiff, Henry Jones, the undivided one-half of said premises, subject to a mortgage of $2,000 which Henry Jones assumed, and for the further expressed consideration of one dollar. This deed was never recorded. On August 28, 1895, Thomas Jones and wife sold, and by quitclaim deed in terms conveyed, an undivided one-half

[1] Reported in 73 N. W. 255.

interest in said land to the defendant, Brenizer, for the expressed consideration of $1,500, part then paid in cash, and part in time notes,—the last one for the sum of $600, due January 1, 1898. This deed was duly recorded in the office of the register of deeds of Blue Earth county on September 18, 1895. When said conveyance of said land was made by said Ellen Dackins and husband to this plaintiff, the said Thomas Jones, 26 acres of the same were broken and under cultivation; and from the time of the making of said conveyance up to the time when said Thomas Jones and wife conveyed said land by quitclaim deed to this plaintiff, on December 6, 1884, this plaintiff and said Thomas Jones were in possession of said land, together farmed the same, and raised and harvested crops thereon.

At the time of trial there were 64 acres of said land broken, 60 acres of which were broken before the year 1896. Ever since the conveyance of said land by the said Thomas Jones and wife to the plaintiff, on December 6, 1884, up to the time of trial, the said Henry Jones, plaintiff, had been in the exclusive, open and notorious possession and occupancy of said land, farming, cultivating and raising crops thereon for his own exclusive use and benefit; and for all of said time the said Thomas Jones had been away from said land, and at no time since December 6, 1884, had the said Thomas Jones been in possession of said land, or any part thereof, or had any use of the same. No one has ever resided on said land, and there have never been any buildings on the same.

The defendant, at the time of the purchase by him of said undivided interest in said land, and the conveyance thereof to him by said Thomas Jones, as hereinbefore found, had no actual notice or knowledge of said conveyance on December 6, 1884, from said Thomas Jones to the plaintiff; but at the time of said purchase of said undivided one-half interest in said land by the defendant of the said Thomas Jones, as hereinbefore found, the said Thomas Jones informed the defendant that he owned an undivided one-half of said land, and that Henry Jones, the plaintiff, owned the other undivided one-half interest; and the defendant made such purchase relying on such information and statement given and made by said Thomas Jones.

This action was brought to quiet title, and to bar the defendant from having or claiming any interest or estate in or to said premises adverse to that of plaintiff. The trial court found in favor of the plaintiff, and from an order denying a new trial the defendant appeals. His contention is that he purchased the premises without notice of the condition of the title, save such as resulted from the cultivation and pasturing of the same by the plaintiff, and relying upon the information given him by his grantor, Thomas Jones, that he owned the undivided one-half of said land.

We are of the opinion that the defendant does not present any grounds of defense or for relief. He did not examine the records as to the title of Thomas Jones, and, if he had, they would not have shown that his grantor ever had any title to the land whatever. There was nothing there to mislead him, and hence, upon the record, he was not a bona fide purchaser. The plaintiff had been in the exclusive, open and notorious possession and occupancy of the land, under claim of ownership, farming, cultivating and raising crops thereon for his exclusive use and benefit, from December 6, 1884, up to the time of the trial; and such possession was notice to the defendant of the plaintiff's rights in fee to the land.

It is true that such claim and possession were under an unrecorded deed, but there was nothing upon the record inconsistent with this possession. The records being silent as to the title or rights of Henry Jones and Thomas Jones to the premises, the recording or registry law became immaterial, and the possession alone was sufficient information to the defendant that plaintiff was the owner in fee, under a title derived from a former owner. Wade, Notice, § 276. As a matter of fact, Thomas Jones had neither title nor possession of any part of the premises. His representation of ownership was a false and fraudulent assertion of ownership; and as the defendant was not deceived or misled by the record, or by the plaintiff, as to the latter's rights, in no sense can the defendant be said to have been a bona fide purchaser of the premises.

Perhaps, under the laws of the state of Ohio, where this transaction occurred, the defendant may have a remedy by an action, either

civil or criminal, against Thomas Jones; but there is not the slightest ground for his defense in this action.

Order affirmed.