MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY v. HJALMAR LUND
and Another.[1]

December 4, 1903.

Nos. 13,617—(125).

**Wife's Interest in Husband's Real Estate.**

The contingent or inchoate interest of the wife, under G. S. 1894, § 4471, in the real property of the husband, may be defended by her in an action against both husband and wife to quiet title to the land, though perhaps she could not maintain an affirmative action to recover such interest prior to the death of the husband.

**Executory Contract.**

G. S. 1894, § 4280, providing that when a grant of land for a valuable consideration is made to one person, the consideration being paid by another, no use or trust shall result in favor of the one making the payment, but the title shall vest in the person named as grantee, has no application to an executory contract for the sale of land.

**Estoppel.**

On the facts stated in the opinion, it is *held* that judgment for plaintiff on the pleadings should not have been granted. The uncontroverted facts pleaded in the complaint do not estop defendants from asserting their interest in at least a part of the land in question.

Appeal by defendants from a judgment of the district court for Nicollet county, Powers, J. Reversed.

*Wellington Brown,* for appellants.

*Albert E. Clarke,* for respondent.

BROWN, J.[2]

Action to quiet title to real estate, in which plaintiff had judgment on the pleadings, and defendants appealed.

From the complaint it appears that on December 17, 1894, one Plummer was the owner of the east half of the northeast quarter of section 2, township 111, range 30, in Nicollet county, and entered into a written contract with one John Lund by which he sold and agreed to convey the

[1] Reported in 97 N. W. 452.

[2] START, C. J., absent, sick, took no part.

premises to Lund for the price and upon the terms specified in the writing. The contract was not recorded until long after the execution and delivery of the deeds hereinafter mentioned. The complaint alleges that said John Lund made said contract, not for himself or in his own interest, but as the agent and trustee, and at the special instance and request, and for the benefit, of defendant Hjalmar Lund, his brother; that it was agreed and understood between defendant Hjalmar and his brother John that the premises so contracted for were to be the property of said Hjalmar, and that, upon payment by him of the purchase price to Plummer, John would cause Plummer to convey the legal title to him; that, pursuant to this agreement and understanding between the two brothers, defendant Hjalmar immediately after the execution of the contract entered into the possession of the premises, and has at all times since then been in the actual occupation of the same; that on October 31, 1895, John Lund and wife conveyed to the Minneapolis, New Ulm & Southwestern Railway Company, its successors and assigns, by warranty deed, a strip of land one hundred feet wide across the premises as and for a right of way for said company, and for the consideration of $125; that said consideration was paid to John Lund by the railway company, and by him paid over to defendant Hjalmar, who accepted and received it, and ratified and confirmed the action of his brother in deeding the right of way to the company. There is, however, no allegation in the complaint that defendant's wife, Christina Lund, received the consideration for said deed, or any part of it, or that she in any manner ratified or confirmed the conveyance; nor are there any allegations that she has in any manner relinquished her inchoate interest in the land existing by reason of the fact that she is the wife of defendant Hjalmar, who the complaint alleges was the owner of the land.

Subsequent to this deed, on May 20, 1896, while the defendants were still in possession of the land, John Lund and wife executed another deed to the same railway company of two additional strips extending over the premises, one of the width of fifty feet adjoining on the east, and one of the width of one hundred and fifty feet adjoining on the west, of the original strip. It does not appear what consideration was in fact paid for this conveyance, though the complaint alleges that one of the considerations therefor was the benefit resulting to the land from

the establishment and maintenance of a railway station at that point. The complaint alleges that defendant Hjalmar expressly consented to and authorized the execution of this deed, but the answer denies it, and affirmatively alleges that it was executed wholly without authority or consideration. At the time of the execution of these deeds the record title of the land was in Plummer, and the railway company undoubtedly learned of him, through inquiry, of the contract with John Lund for its sale; but it does not appear that any inquiries were made of Hjalmar Lund, who was in possession of the land, and the equitable owner thereof under the contract, as to his rights. The complaint further alleges that subsequent to the execution of the deeds the railway company entered upon the premises conveyed thereby, and constructed its railroad over and across the same, and erected its station buildings thereon, which have since been maintained. Some time after the execution of such deeds, defendant Hjalmar paid Plummer the contract price of the land, and the latter conveyed the same to him by a properly executed deed, which was duly recorded January 22, 1900. Plaintiff in this action succeeded to the title and all the rights of the Minneapolis, New Ulm & Southwestern Railway Company, and brought this action to quiet title to the land conveyed by said deeds.

The answer admits substantially all the allegations of the complaint, though, as already stated, an issue is raised as to the authority of John Lund and wife to execute and deliver the second deed. The answer distinctly denies such authority, and alleges also that the deed was without consideration. As to the first deed, defendant Hjalmar admits that the consideration paid John therefor by the railway company was received by him, and he expressly confirms that deed, and disclaims any interest in the land conveyed thereby; but his wife, defendant Christina Lund, denies that she received any part of such consideration, and she asserts her interest therein as the wife of defendant Hjalmar. Upon this state of the pleadings the court below ordered judgment for plaintiff, which was entered, and defendants appealed.

As to the first tract of land, in so far as defendant Hjalmar Lund is concerned, plaintiff is entitled to judgment, for he expressly admits having received the consideration paid by the railway company therefor, and disclaims any interest in the land so conveyed. But we are unable to concur with plaintiff's counsel in his contention that defend-

ant Christina Lund has no interest therein, or that she in any manner relinquished or waived her inchoate rights as the wife of defendant Hjalmar. G. S. 1894, § 4471, on the subject of the descent of real property, provides that the surviving husband or wife shall be entitled to, and shall hold in fee simple, or by such inferior tenure as the deceased was at any time during coverture seised or possessed, an equal, undivided one-third of all lands of which the deceased was at any time during the marriage relation seised or possessed, free from any disposition thereof to which the surviving husband or wife, as the case may be, shall not have assented in writing. Under this statute the wife has an interest in all lands owned by her husband, which ripens into full and absolute title at his death, unless previously relinquished by her. Unless she in some manner provided by law assents to a sale or transfer of the land by the husband, no act of his, whether by conveyance or otherwise, can deprive her of that interest. Madson v. Madson, 69 Minn. 37, 71 N. W. 824; Dayton v. Corser, 51 Minn. 406, 53 N. W. 717. While she could not, perhaps, prior to the death of her husband, maintain an action to recover any part or portion of the land owned by him, her right being merely inchoate, she may defend such right and interest in an action brought against her to quiet title thereto. In the case at bar Mrs. Lund at no time assented, in writing or otherwise, so far as the pleadings disclose, to the transfer of either the original right of way, or the additional tracts conveyed by the second deed. No part of the consideration was paid to or received by her, nor are there any allegations that by any act or representation, or through culpable negligence, she induced the railway company to believe that John Lund had a right to convey her interest in the land to the railway company. It must follow, therefore, that the judgment against her upon the facts stated in the pleadings is not warranted as to the land covered by either deed.

Counsel for plaintiff insists that the judgment was proper as to defendant Hjalmar, as to the second deed, (1) on the ground of estoppel; and (2) on the theory that John Lund, by the contract of sale with Plummer, held the title to the land, and that a deed from him conveyed both the legal and equitable title to the railway company. In support of the first contention, it is urged that as defendant Hjalmar caused the title of the land to be placed in the name of his brother John, and

permitted him to deal with it as his own, and having expressly ratified and confirmed the first deed, and received and accepted the consideration therefor, he is estopped from calling in question the validity of the second deed.

We do not concur in this view. The complaint alleges, it is true, that the second deed was made with the knowledge and consent of defendant Hjalmar, but this the answer expressly denies. The complaint also alleges that the consideration for the second deed was received by defendant Hjalmar, and this also is denied. The only fact upon which the doctrine of estoppel can be applied to defendant is that he approved the first deed, and accepted the consideration paid therefor. But it is far from clear how his conduct respecting that conveyance, which was not acted or relied upon by plaintiff in procuring the second deed, so far as the complaint discloses, can have any effect as an estoppel. Defendant was in possession of the land at the time both deeds were made, resided thereon with his wife, defendant Christina, and plaintiff was bound to take notice of his rights, and of whatever title, legal or equitable, he may have had to the land. Groff v. Ramsey, 19 Minn. 24 (44); New v. Wheaton, 24 Minn. 406; Jones v. Brenizer, 70 Minn. 525, 73 N. W. 255. It is not alleged in the complaint that plaintiff knew at the time the deeds were made of the relationship existing between Hjalmar and John Lund, nor that plaintiff, in accepting the second deed, relied upon the action of Hjalmar in approving the first. It was not, therefore, misled by any act, conduct, or representation on the part of defendant Hjalmar in respect to the execution of the deed, and is in no position to invoke the doctrine of estoppel.

But it is contended that by G. S. 1894, § 4280, which provides that when a grant of land for a valuable consideration is made to one person, and the consideration therefor is paid by another, no use or trust shall result in favor of the person by whom such payment is made, but the title shall vest in the person named as grantee, the legal and equitable title to the land in question passed by the Plummer contract to John Lund, and clothed him, for all purposes, with the right to sell and convey it as his own. But this statute can have no application to the case at bar. It was held in Johnson v. Krassin, 25 Minn. 117, that the statute cited has no application to executory contracts for the conveyance of land; and that case was followed in Haaven v. Hoaas, 60

91 M.—4

Minn. 313, 62 N. W. 110. The Plummer contract was an executory contract, and not a conveyance of the land, within the meaning of this statute; and the allegations of the complaint to the effect that defendant Hjalmar in fact owned the land, though the contract was made in the name of his brother John, are not only in accordance with the facts, but the law as well.

It follows from what has been said that the court below was in error in granting judgment for plaintiff on the pleadings, because, (1) as to Mrs. Lund, she had never parted with her interest in either tract of land conveyed by the two deeds; and (2) as to both defendants, with respect to the tract of land conveyed by the second deed, the issue was squarely made by the pleadings whether John Lund was authorized to execute the same; (3) the statute of uses and trusts has no application, because the contract under which Hjalmar claimed to own the land was executory; and (4) there are no facts alleged in the complaint, which are uncontroverted by the answer, sufficient to warrant an application of the doctrine of estoppel against either defendant as to the second deed. It is probable that upon a trial of the action an estoppel as to both defendants may be shown, but it is not shown by the facts as they now appear from the pleadings.

Judgment reversed.