## MATTHEW JONES v. BRADLEY TIMBER & RAILWAY SUPPLY COMPANY.[1]

May 26, 1911.

Nos. 17,021—(107).

**Action for conversion — evidence admissible.**

Plaintiff was the owner of certain timber land. He conveyed the same by absolute deed to a third person. The deed was intended by the parties as security for the payment of a debt due the grantee. Thereafter a trespasser entered upon the land, and cut and removed a large number of cedar poles, and subsequently sold them to defendant. Plaintiff sued in conversion. It is *held*: (1) That the trial court erred in excluding evidence offered by plaintiff for the purpose of showing that the deed was intended as a mortgage; and (2) that, inasmuch as defendant makes no claim to the poles through or under the grantee in the deed, it is in no position to contest the right of plaintiff to show the true relations arising from the execution of the deed.

**Recording act.**

Section 3361, R. L. 1905, requiring a written defeasance to be recorded, is a recording statute, and serves merely to protect persons dealing in land on the faith of the record title.

[1]Reported in 131 N. W. 494.

[Note] · As to whether a deed absolute on its face, but intended as a mortgage, conveys the legal title, see note in 11 L.R.A.(N.S.) 209.

Action in the district court for Koochiching county to recover $1,700 for the conversion of certain cedar poles. The answer was a general denial. The case was tried before Wright, J., who directed a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Reversed and new trial granted.

*Kane & Palmer,* for appellant.

*Franz Jevne,* for respondent.

BROWN, J.

The facts in this case are tersely stated by respondent's counsel substantially as follows:

The action was brought to recover for the conversion of certain cedar poles, which, plaintiff claims, were removed by a trespasser from land owned by plaintiff, and sold to defendant, a corporation, and thereafter converted to its own use. It is not claimed that defendant removed the poles from the land, but that one Sykes unlawfully did so, and sold the same after they had been severed from the land to defendant. Plaintiff on the trial introduced in evidence the final receiver's receipt, showing that he had duly entered the land under the government land laws and had made final proof thereof. In connection with his cross-examination, defendant introduced in evidence the record of a warranty deed of the land from plaintiff to one Sheldon. The deed was executed and recorded prior to the alleged trespass by Sykes. Plaintiff then offered to show that the deed was executed as security for the payment of a debt due to Sheldon, and was intended by the parties as a mortgage. The evidence was excluded by the trial court on defendant's objection, and plaintiff excepted to the ruling. Thereafter, and when both parties had rested, defendant offering no evidence, the court on defendant's motion directed a verdict for defendant, on the ground that plaintiff was not the owner of the land at the time the poles were taken therefrom, having previously conveyed the same to Sheldon, and was not, therefore, the owner of the poles.

It is urged by defendant, in support of the ruling of the trial court, that the evidence offered for the purpose of showing that the deed to Sheldon was in fact a mortgage was, as to defendant, in-

competent and inadmissible, and, further, that the action is one in trespass, for the wrongful act of Sykes in cutting and removing the poles from the land, essential to maintain which is possession of the land by plaintiff, either actual or constructive, at the time of the trespass, which does not appear. The land was vacant and unoccupied, and the prima facie legal title was in Sheldon. Neither of these contentions can be sustained.

The action is in conversion, and not in trespass, as assumed by counsel for defendant. The poles in question were taken from the land by a stranger to the title, a trespasser, and sold to defendant, another stranger to the title. If plaintiff was in fact the owner of the land, as the evidence offered tended to show, his right of action for the conversion of the poles is clear. Upon their severance from the land, the poles became personal property, which plaintiff had the right to pursue into whosesoever hands they might subsequently come. In other words, he could waive the trespass to the land, and sue and recover the poles, or their value. Whitney v. Huntington, 34 Minn. 458, 26 N. W. 631, 57 Am. Rep. 68; Berthold v. Holman, 12 Minn. 221 (335), 93 Am. Dec. 233; 32 Cyc. 672. The rules of law applicable to actions in trespass quare clausum do not apply.

It is clear, therefore, that the court erred in excluding the evidence offered for the purpose of showing the Sheldon deed a mortgage. That a deed, absolute in form, may be shown to have been executed as security, and intended by the parties as a mortgage, has been too often affirmed to require the citation of authorities. The case at bar is not without the rule, nor within any of the exceptions to it. So far as disclosed by the record, both Sykes, from whom defendant purchased the poles, and defendant, are entire strangers to the title to the land. It is not claimed that either acquired any right to cut or remove the poles from the land through Sheldon, and they are in no position to contest the right of plaintiff to show the true relation between himself and Sheldon—that of mortgagor and mortgagee. As respects defendant, the situation is precisely the same as though the deed to Sheldon had been a mortgage in form. Of course, if it shall appear on another trial that defendant claims title to the poles through Sheldon, an entirely different question will be

114 M.—27.

presented. If plaintiff by his deed to Sheldon held him out to the world as the owner, he would, in the absence of notice to defendant, or actual possession of the land, be estopped from calling in question rights granted in or to the land or timber thereon by his grantee, Sheldon. But the record does not present that state of facts.

Section 3361, R. L. 1905, requiring a written defeasance to be recorded, has no application to the facts presented. That is a recording statute, and serves merely to protect persons dealing in land on the faith of the record title. Defendant does not claim under the Sheldon title.

Defendant did not by its answer interpose the defense that plaintiff was not the real party in interest; but it is quite probable that the court below will, on a proper showing, provide for making Sheldon a party, to the end that the rights of all may be protected.

Order reversed, and new trial granted.