## DICK NELLAS v. JOHN CARLINE AND ANOTHER.[1]

December 5, 1924.

No. 24,268.

**Possession of real estate notice to purchaser of possessor's title.**
1. Actual possession of real estate, consisting of a dwelling and lot, is notice of the possessor's title sufficient to put purchaser upon inquiry.

**Res judicata.**
2. In an action in unlawful detainer, where a verdict was returned in favor of the party in possession and the plaintiff, on the same day, executed a conveyance of the premises to a third party who brought another action in unlawful detainer involving the same state of facts, *held* that the former was res adjudicata.

**Jurisdiction of Minneapolis municipal court in unlawful detainer.**
3. The municipal court act of the city of Minneapolis, chapter 34, Sp. Laws 1889, as amended by chapter 407, Laws 1917, gives jurisdiction of action in unlawful detainer whether the title to real estate is involved or not.

**Absolute deed may be shown to be a mortgage.**
4. In an action at law, a deed absolute on its face may be shown to be in fact a mortgage without bringing a bill in equity to have it declared.

Action in unlawful detainer in the municipal court of Minneapolis. The case was tried before Nordbye, J., who directed a verdict of not guilty in favor of defendants. From the judgment of dismissal plaintiff appealed. Affirmed.

*Katzmarek & Petzke, Almer J. Peterson* and *Frederick P. Warber,* for appellant.

*Orin M. Oulman,* for respondent.

[1]Reported in 201 N. W. 299.

QUINN, J.

Action in unlawful detainer to obtain possession of lot 24, block 7, Walton Park Addition to Minneapolis, upon which defendants reside and claim to own. From a judgment entered against him on May 3, 1924, plaintiff appealed.

Defendants are husband and wife. They owned the premises for about 15 years, upon which they lived. They were desirous of having the dwelling thereon remodeled and improved. On December 14, 1921, they entered into a written contract with John W. Dagenhardt wherein the latter agreed to furnish the material and remodel and improve the house according to plans for which the price mentioned in the contract was $4,000, to be paid in monthly instalments of $75, provided that, if paid by the fifteenth day of April, 1922, the sum of $3,500 was to be received in full payment.

At the time of the making of the contract, in order to enable Dagenhardt to procure the material and do the work, defendants gave to him and his wife a warranty deed of the premises in the usual form, taking a contract for a reconveyance of the premises when the improvements were paid for as per contract. The deed was recorded but the contract was not. Defendants continued to reside upon the premises. In February, 1924, the Dagenhardts brought an action in unlawful detainer against the defendants for possession of the premises. There was a trial and a verdict returned in favor of the defendants on March 3, 1924. On the same day, the Dagenhardts gave a warranty deed of the premises to the plaintiff in which the consideration was stated to be one dollar and other valuable considerations. This deed was recorded on the day following its date. On April 21, 1924, judgment was entered upon the verdict. The present action was commenced on April 14, 1924. A trial was had and judgment was entered in favor of the defendants and against the plaintiff on May 8, 1924.

At the close of the testimony in the present case, it was stipulated between the parties that the action by the Dagenhardts against the Carlines involved the same subject matter as the case now before the court. When both parties had rested, defendants

moved to dismiss on the ground that the prior action was *res judicata*. The court granted the motion and thereafter filed an order dismissing the action, upon which judgment was entered and from which judgment this appeal was taken.

Appellant's contention is that he had a right to rely upon the record title and was not required to inquire whether respondents had any other interest in the premises than that disclosed by the record. The respondents were living upon the premises at the time. While the contract for deed had not been recorded, it made specific reference to' the building contract, and, had plaintiff made inquiry of the occupants, he would, in all reasonable probability, have learned upon what right or theory respondents occupied the premises. It is well settled by the decisions in this state that actual possession and occupancy of land by a party, other than the vendor thereof, is notice sufficient to put a purchaser on inquiry as to the particulars of the occupant's claim of title. Morrison v. March, 4 Minn. 325 (422); Groff v. Ramsey, 19 Minn. 24 (44); New v. Wheaton, 24 Minn. 406; Baker v. Thompson, 36 Minn. 314, 31 N. W. 51; Groff v. State Bank of Minneapolis, 50 Minn. 234, 52 N. W. 651, 36 Am. St. 640; Jones v. Brenizer, 70 Minn. 525, 73 N. W. 255; M. & St. L. R. Co. v. Lund, 91 Minn. 45-49, 97 N. W. 452.

It is urged that the municipal court of Minneapolis ·is a court of law and has no equitable jurisdiction. The Constitution does not provide expressly for municipal courts. It does, however, provide for "such other courts, inferior to the supreme court, as the legislature may from time to time establish." The municipal court act of Minneapolis, chapter 34, p. 598, Sp. L. 1889, as amended by section 2, chapter 407, p. 616, L. 1917, provides, among other things, as follows: ·

*"Provided, however, that said court shall have jurisdiction of actions of forcible entry and unlawful detainer whether involving the title to real estate or not."*

The defendants do not ask for affirmative equitable relief. An unlawful detainer action, as stated in Wm. Weisman Holding Co. v. Miller, 152 Minn. 330, 188 N. W. 732, "merely determines the

right to the present possession of the property. It does not determine the ultimate rights of the parties and is not a bar to an action involving the title to the property." See also Wm. Weisman Realty Co. v. Cohen, 157 Minn. 161, 195 N. W. 898.

In an action at law, a deed absolute, on its face, may be shown to be in fact a mortgage without bringing a bill in equity to have it so declared. Backus v. Burke, 63 Minn. 272, 65 N. W. 459; Jones v. Bradley T. & R. S. Co. 114 Minn. 415, 131 N. W. 494; Wakefield v. Day, 41 Minn. 344, 43 N. W. 71; Terry v. Wilson's Estate, 50 Minn. 570, 52 N. W. 973. The municipal court had jurisdiction and, we think, was right in holding that the former trial of the same subject matter in the Dagenhardt case was *res judicata*. A mere reading of the record before us discloses very clearly that the plaintiff failed to make a case entitling him to possession of the premises as against the defendants. No default on their part was shown.

Affirmed.