### KENT COUNTY AGRICULTURAL SOCIETY *v.* IDE.

1. TRESPASS QUARE CLAUSUM—UNLAWFUL PURPOSE OF ENTRY.
   A person having lawful authority to enter upon the lands of another for one purpose becomes a trespasser if he enters for another and an unauthorized purpose.

2. SAME—AGRICULTURAL SOCIETIES—TRESPASS BY PRESIDENT.
   Hence, where the president of an agricultural society, without authority, sold a barn standing on its realty, and, with the purchaser, entered and tore down the building, the society could maintain trespass *qu. cl.* against both the president and the purchaser.

3. SAME—RATIFICATION OF PRESIDENT'S ACTS—EVIDENCE.
   The unauthorized action of the president of an agricultural society in selling a barn standing on its realty is not ratified as a matter of law, so as to relieve the president and pur-chaser from liability in trespass for entering and removing the building, by the fact that individual directors, on learn-ing of the sale, took no steps to disaffirm it; there being nothing to show that the purchaser's entry was induced by any conduct of the directors, and some of the testimony tending to show bad faith on the part of both the president and the purchaser.

4. SAME—DAMAGES.
   In trespass for entering on plaintiff's land and removing a barn, the measure of damages is the value of the barn as it stood on the premises at the time of removal.

Error to Kent; Wolcott, J. Submitted May 10, 1901. Decided October 8, 1901.

Trespass *quare clausum fregit* by the Kent County Agricultural Society against Daniel K. Ide and Steven S. Parr, impleaded with John Makkes and Klas Makkes. From a judgment for plaintiff, defendants bring error. Affirmed.

*McCormick & La Grou* (*Crane, Norris & Drew*, of counsel), for appellants.

*James A. Lombard*, for appellee.

MONTGOMERY, C. J. This is an action of trespass *quare clausum fregit.* The trespass complained of consisted of an entry on the grounds of the plaintiff and the tearing down and removal of a barn. The defendants Makkes were purchasers of the material of the barn after its destruction, and verdict passed in their favor in the court below. It appears that the defendant Ide was president of the society, and without authority from the board of directors, made a sale of the barn to the defendant Parr, who entered, accompanied by Ide, and tore down and removed the barn. Defendants contend that the action of trespass *quare clausum* does not lie, and, further, that the acts of Ide were ratified by acquiescence on the part of the directors.

As to the former contention, the claim is that Ide was a licensee, and, as president of the society, had the right to enter the premises, and if, having entered in the performance of his duty as president, he exceeds his authority, he does not become a trespasser *ab initio*, and that the remedy against him should be case, rather than trespass *quare clausum.* We think the difficulty with this contention is in the premises. As president of the society, it is true that Ide might enter upon the premises whenever his duties called him there. But he was at no time authorized to enter for the purpose of tearing down this barn, or of directing it to be done. The case most nearly analogous to the one under consideration is *Norton* v. *Craig,* 68 Me. 275, which holds that if a person having lawful

authority to enter upon the land of another for one purpose forcibly enters for a different purpose, or, having authority to enter upon one part of it, enters another part of it, he thereby becomes a trespasser. We think the question of whether one who enters by authority of the owner becomes a trespasser *ab initio* is not the question here. The entry was not an entry under authority or license, but, in the first instance, a wrongful entry, with a purpose not authorized by any license or authority of the owner.

Upon the question of ratification, there is no testimony in the case tending to show that the board of directors ever authorized the sale of the barn in question in the first instance, or that any action was ever taken by the board, as a board, ratifying the pretended sale. There was testimony in the case tending to show that both Ide and Parr acted in bad faith. There was some testimony tending to show that individual directors knew of the alleged purchase by Parr after it had been made, and took no action to disaffirm it; but there is nothing to show that Parr's action in removing the barn was induced by any acquiescence on the part of the board of directors. The circuit judge charged the jury upon this subject as follows:

"The act of the defendant Ide in this case, being in excess of his authority and power under the law and the by-laws of the corporation, can be defended only by showing that he acted in good faith, with a *bona fide* intent of benefiting the corporation, and that the other directors who had, or should have had, knowledge of what had been done, did not dissent within a reasonable time. If you find that the defendant Ide has established those facts by a fair preponderance of the testimony, then the defendants are not liable. On the other hand, unless you find that the acts of the defendant Ide in selling and taking down the barn were done in good faith, and that his action was ratified, as I have explained, by the other directors, with a knowledge of what he was about to do or had done, by assenting to it or failing to dissent within a reasonable time, unless you so find, your verdict should be for the plaintiff. As to the other defendants, if you find, as I

have explained, that the defendant Ide's action was so acquiesced in by the directors as to amount to an assent to his doings in the matter of the barn, then none of the defendants would be liable. But if you find the defendant Ide's action in selling the barn was not authorized or acquiesced in, as I have explained to you, then the defendant Parr would be liable, for he did not claim to have been misled by any acts or statements of the other directors as to Ide's authority, but relied on the fact of his being the president of the society."

We think this instruction sufficiently favorable. We are cited to numerous cases upon the subject of ratification by the acquiescence of the directors, but they will be found to be cases where, if no affirmative action was taken by the directors, either a use of property by the corporation was permitted, or the third party had been allowed to put himself in a position from which he could not recede without loss. It is an application of the doctrine of equitable estoppel, which we think does not apply in any broader way than in that indicated by the charge above quoted.

Criticism is made upon the instruction of the court as to the measure of damages. We think, on an examination of the charge, and the rulings of the court as to the admission of testimony, that the jury could not have misapprehended the correct rule, namely, the value of the barn as it stood on the premises at the time it was removed.

The judgment will be affirmed.

The other Justices concurred.