## JOHN SITTAUER v. RUDOLPH E. ALWIN.[1]

### April 7, 1922.

### No. 22,745.

**Land contract admissible in evidence after payment of mortgage tax.**

1. The court did not err in admitting in evidence an executory contract for the sale of land upon which the mortgage tax was not paid when the action was begun but was paid when offered and received. The contract was not the subject of the suit, or the cause of action alleged.

**Owner may recover for trees felled—value in changed form.**

2. Where there has been a wrongful cutting and appropriation of growing trees, the owner may recover from the wrongdoer the value of the trees in the form into which the latter's labor has changed them.

**Statutory damages for cutting trees.**

3. One in possession of real estate for a certain purpose only, may

[1]Reported in 187 N. W. 611.

become liable to the owner under section 8090, G. S. 1913, if he wrongfully cuts and carries away growing trees thereon.

**Measure of damages—exception to general rule.**

4. The general rule, that the diminution in value of the land by the wrongful destruction of a structure thereon measures the damages recoverable, has its exceptions, as where the value of such structure may be readily ascertained and it is apparent that such value represents in reality the difference in value of the land before and after the destruction of the structure.

**Affirmed on appeal.**

5. Other errors assigned do not warrant a reversal of the judgment.

Action in the district court for Brown county to recover $435 upon two causes of action. The case was tried before Olsen, J., who at the close of the testimony denied defendant's motion for a directed verdict, and for a dismissal of the case, and a jury which returned a verdict for $268.75. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Mueller & Streissguth,* for appellant.

*Albert D. Flor,* for respondent.

HOLT, J.

The complaint alleges two causes of action against defendant. One for wilfully and wrongfully cutting and converting 6,391 feet of sawlogs and 10 cords of wood. The trees so cut and converted were growing on land purchased by plaintiff from defendant according to a contract attached to the complaint, all the terms of which contract to be kept and performed by plaintiff had been kept and performed by him. The other cause of action was for destroying a building on the same land. The answer admits that defendant cut and carried away certain sawlogs and cordwood, the exact amount of which is unknown to him. He avers the building mentioned to be his property and that the building, as well as the logs and wood, were taken with the express knowledge and consent of plaintiff. The reply is a general denial. The trial resulted in a verdict for

plaintiff of $268.75. A motion for a new trial was denied. The appeal is from the judgment.

The reception in evidence of the contract mentioned over the objection that the mortgage tax had not been paid thereon when the action was begun, is assigned as error. The tax was paid before the court received the contract. The ruling was right under State Bank of Boyd v. Hayden, 121 Minn. 45, 140 N. W. 132. The contract was not the cause of action sued on. It was merely evidence of a link in the chain of title to the property alleged to have been converted and destroyed. The title or rights under which plaintiff claims passed to him when the contract was delivered, even though the instrument could not be used as evidence until the tax was paid.

The chief contention of appellant is that, since he was a vendor in possession of the land when the logs and wood were converted and the building was destroyed, the measure of damages was the difference in the value of the premises before and after the trees were cut and the building destroyed, and hence it was error to permit the jury to find the value of the lumber sawed from the logs, the cordwood as cut, and the building as it stood. There was no direct evidence as to the value of the land before and after the severance of the property mentioned. But there was evidence as to the value of the saw logs or lumber, the cordwood and the building.

In trespass where timber is wilfully and wrongfully cut and carried away, the owner may sue in conversion or trover and recover the value of the property in the form into which the wrongdoer has changed it. In Jones v. Bradley T. & Ry. S. Co. 114 Minn. 415, 131 N. W. 494, where suit was brought for the conversion of poles cut on plaintiff's land the court said [p. 417]: "Upon their severance from the land, the poles became personal property, which plaintiff had the right to pursue into whosesoever hands they might subsequently come. In other words, he could waive the trespass to the land, and sue and recover the poles or their value." Whitney v. Huntington, 34 Minn. 458, 26 N. W. 631, 57 Am. Rep. 68, and Evans v. Kohn, 113 Minn. 45, 128 N. W. 1006, appear to apply this rule as well to a case where, if there had been no conversion, the wrong would ordinarily be regarded as in the nature of waste to be re-

dressed in an action appropriate thereto. It is to be noted in this case, as in Whitney v. Huntington, the action was not begun until after plaintiff was entitled to possession of the land.

Harris v. Goslin, 3 Harr. (Del.) 340, was against a tenant and "an action on the case in the nature of waste, for injury to the reversion, with a count in trover." The court said [p. 341] : "The plaintiff has added to this declaration in case a count in trover under which it is the opinion of the court he is entitled to recover the value of this wood, at any time whilst it remained in defendant's hands, though that value may have been appreciated by his skill and labor."

But, even considering this case from the viewpoint that defendant was in possession when the trees were cut, he was so in possession, according to the contract, only for the purpose of sowing and harvesting the crop of 1920. He had no right to meddle with growing trees. One having such limited possession is not immune from an action under section 8090, G. S. 1913, if he cuts timber without right. This was held in State v. Brooks-Scanlon Lumber Co. 128 Minn. 300, 150 N. W. 912, where it was said [p. 302] : "The lumber company was rightfully in possession of the school land, for the purpose of cutting the timber covered by its permit, when it cut the timber for which suit is now brought. In cutting the timber not included in the permit it was a trespasser." The section referred to seems applicable, and the court instructed the jury, in substance, that if they found plaintiff entitled to recover he should be awarded the reasonable value of the logs and cordwood after cut and converted, unless they further found that defendant acted in good faith and in the reasonable belief that his acts were lawful, in which case they were only to assess damages in the sum of the value of the trees as standing timber, and that the burden was on defendant to show his good faith. We consider the instructions, as applied to the pleadings and proof, correct.

As to the building destroyed, plaintiff's testimony placed its value at $100 and defendant's at $5. There is no way of determining the value placed on it, if any, by the jury. It is probably true that as to the building there is no evidence of value after severance, or, in other words, when regarded as personal property, so that consider-

ing the cause of action in conversion or trover the proof of damages is deficient. But we nevertheless think that the refusal to give defendant's requested instruction, that only nominal damages for the destruction could be awarded, was not error for which a new trial should be granted. Whether the cause of action for the destruction of the building be considered as one for waste or trespass, evidence of the value of the same as standing was competent and proper to consider. Nelson v. Churchill, 117 Wis. 10, 93 N. W. 799, the case cited by defendant, so holds, where it says [p. 12]: "It cannot be claimed that proof of the value of the standing timber in an action for waste caused by cutting timber from the land is not a legitimate way of establishing the recoverable loss, which is the diminution in the value of the land. The court passed upon that in Whorton v. Webster, 56 Wis. 356, 14 N. W. 280. Waste in such cases is commonly proved in that way."

As a general rule the diminution in value of the realty is the measure of damages for wrongful destruction of improvements attached thereto. But there are exceptions, especially where, in the nature of things, the value of the part destroyed furnishes the most satisfactory proof of the damage to the premises. We think the value of this small building as it stood may well measure the proper damages here. This 160-acre farm was sold for $32,000. As a practical matter the diminution of the value of the farm by the removal of this building would be the structure's true worth, and it would be a mere matter of form or circumlocution to instruct the jury to award as damages the difference in value of the farm before and after the destruction of the building. Such was the holding in Kent Soc. v. Ide, 128 Mich. 423, 87 N. W. 369; Chicago & N. W. Ry. Co. v. Kendall, 186 Fed. 139, 108 C. C. A. 251; White v. Chicago, M. & St. P. Ry. Co. 1 S. D. 326, 47 N. W. 146, 9 L. R. A. 824; McMahon v. City of Dubuque, 107 Iowa, 62, 77 N. W. 517, 70 Am. St. 143.

The last cited case approves [p. 65] this rule as stated by Mr. Sutherland in his work on Damages (section 1015, 4th ed.): "If the thing destroyed, although it is part of the realty, has a value which can be accurately ascertained without reference to the soil on which

it stands or out of which it grows, the recovery may be of the value of the thing thus destroyed, and not for the difference in the value of the land before and after such destruction." The court adds [p. 66]: "To prove the market value of the land immediately before and after the fire would be accomplishing, by circumlocution, what might be directly ascertained, for such difference would be the value of the house. True, location may sometimes have a bearing, as where a building is so situated as not to be useful for the purpose of its construction. In such cases this must be taken into consideration in fixing the real value. But it could be as readily done in estimating this separate from as with the land. Simplicity and directness are particularly favored in modern jurisprudence."

We do not think there is merit in the claim that the verdict as to amount is not justified. Plaintiff placed the damages considerably higher. Defendant made no attempt at all to lessen the estimates of plaintiff. Indeed, he admitted ignorance both as to the value of the trees cut and carried away and the number thereof. In that situation no great complaint of the size of the verdict can well be made.

The court told the jury to allow interest from the time the timber was cut or converted. It is the contention that interest should have been computed only from the time plaintiff was to have possession. Regarding the cause of action as in conversion or trover the charge was correct, but, at any rate, the rule of de minimis should apply.

The judgment is affirmed.