J. C. McDOWELL AND OTHERS v. ELOF HANSON.[1]

January 27, 1939.

No. 31,903.

[1]Reported in 283 N. W. 537.

*W. A. McDowell,* for appellants.

*A. D. Bornemann,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiffs brought replevin to recover possession of 100 bushels of sweet clover seed. Defendant was in possession of plaintiffs' half-section farm as tenant upon the half crop-sharing plan. In his answer he denied plaintiffs' ownership, alleged he had grown and threshed this seed under his crop-sharing contract with plaintiffs and "was lawfully in possession" thereof. He also counterclaimed for various items of work done and material furnished for plaintiffs' use and benefit in carrying out the farm program under their existing arrangement. Plaintiffs' demurrer to the counterclaim was overruled with leave to plead further. They then replied denying the allegations thereof; and, "by way of recoupment," alleged "that the defendant is indebted to plaintiffs in the sum of $57.65 * * * being claims arising out of the same transaction" as that referred to in the counterclaim "and going in direct reduction thereof." Fifty dollars was claimed due for rent of a pasture, and $7.65 for sweet clover seed alleged to have been misappropriated by defendant. At the trial plaintiffs waived the $7.65 item. The court thereupon remarked: "That makes Mr. Hanson [defendant] the plaintiff then on his counterclaim." Mr. Bornemann for defendant remarked: "* * * there is only the question of the counterclaim." Mr. McDowell for plaintiffs said: "We agree to this." Whereupon a jury was impaneled, and the case proceeded to trial.

Plaintiffs put in no evidence in opposition to that of defendant. The case was submitted to the jury in instructions then considered by counsel to be free from criticism as no exceptions were taken or suggestion made of error or omission. A verdict for defendant on his counterclaim for $149.64 was returned. Plaintiffs' motion for judgment notwithstanding or new trial was denied. Judgment was entered upon the verdict, and plaintiffs appeal.

■ Many assignments of error are found in plaintiffs' brief, but we find none of them of sufficient importance to require special

discussion except that of whether there is sufficient evidence to sustain the verdict.

There are six items going into the counterclaim varying in amount from $3 to $84. The $3 item was eliminated. We shall take up and briefly consider the others. In June, 1937, defendant plowed, harrowed, and seeded to sweet clover 42 acres of the farm, plaintiffs furnishing the seed. Defendant's lease terminated October 31, 1937; therefore the crop so sown could not be harvested by him. Unless he is reimbursed for this work the services performed as to him would be wholly lost. There is evidence that this work was done at the request of plaintiffs' agent in charge of the farming operations. Plaintiffs assert that there is no adequate showing of the agent's authority. He, however, looked after the farming operations generally. Since plaintiffs delegated to him the duty of looking after this farm and its operation, we think the jury could fairly find this included authority on his part to see to it that there should be proper preparation of the soil for succeeding crops. Plaintiffs received the benefit of his work. The charge made and found by the jury to be fair was two dollars per acre. We feel safe in saying that a jury of farmers of the county wherein this farm is located was fully capable of determining this issue. The same holds true in respect to a charge of $20 for plowing a 20-acre pasture. This was done at the request of one of plaintiffs. Next is an item of $31.60. Under the practice of prior years plaintiffs and defendant each paid one-half of the threshing bill. In 1937 defendant procured the services of a neighbor who had a combine with swathing equipment to do the threshing. By this method the grain is not bound and shocked before threshing, but is cut with a swathing machine, which leaves it in windrows upon the stubble. When dry enough to thresh the combine is put to use. The machine picks up the swathed grain from the windrows and threshes it. The obvious purpose, whichever method is used, is the threshing of the grain. The amount involved in the mentioned item consists of plaintiffs' half of the expense of boarding the men while this combine threshing was being done. In prior years, when the old threshing methods were employed plaintiffs met their half of such

items. Absent any showing that the charge was unreasonable or out of line with previous practice, we cannot say that the jury was without justification in finding liability. We are fortified in this view by the promise of one of plaintiffs that he would be back "next day to pay for the board." The next two items were for paint purchased and applied upon the farm buildings, amounting to $9.04; and some materials purchased and used by defendant in making needed improvements in the house, amounting to five dollars. One of plaintiffs promised to pay these. The jury could find he spoke for the others as well as himself.

■ On the merits we are satisfied that justice has been done and that there is no reversible error in the record. After all, the burden rests upon plaintiffs to make a showing of prejudicial error before we have any business to interfere.

"It is provided by statute that in every stage of an action, the court shall disregard all errors or defects in the pleadings and proceedings which do not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason thereof." 2 Mason Minn. St. 1927, § 9285; 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 424, and cases under note 9.

The judgment is affirmed.

[1]Reported in 283 N. W. 539.