# EARL SCHRUNK v. LESTER ANDRES.[1]

April 12, 1946.

No. 34,125.

[1]Reported in 22 N. W. (2d) 548.

*L. P. Johnson,* for appellant.
*Z. L. Begin,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action to restrain defendant from selling ten secondhand automobiles—models ranging from 1929 to 1935—to satisfy a possessory lien for storage thereof, and to recover $1,350 damages for the conversion of certain of said cars and parts thereof by defendant.

Defendant denied the allegations, and counterclaimed for damages in the sum of $100 occasioned by plaintiff's trespass on certain farm property, possession of which was in defendant, on which plaintiff had kept numerous secondhand cars, including those above described, as well as secondhand car parts and accessories, without the consent of defendant.

The trial court found that defendant had sold certain parts of plaintiff's secondhand cars of the reasonable value of $15; and found further that plaintiff was indebted to defendant in the sum of $120 less the aforesaid $15 as damages for the wrongful use of defendant's property up to the date of trial. This is an appeal from an order denying plaintiff's motion for a new trial.

The evidence disclosed that plaintiff had entered into an oral month-to-month lease for two acres of the farm with one Lawrence C. Mootz, vendee under a contract for deed for the purchase of the farm from the Prudential Life Insurance Company, fee owner thereof. Said lease provided for a rental payment to Mootz of eight dollars per month, which was subsequently raised by agreement to ten dollars per month. The two acres adjoin the highway about a mile from the city of Marshall. Plaintiff used and occupied them as and for a secondhand car lot throughout the term of the lease, keeping numerous secondhand cars and car parts thereon. The contract for deed under which Mootz held possession specifically prohibited assignment or transfer of any interest in the premises without the written consent of the fee owner, and it is undisputed that the Prudential at no time gave such consent to the lease between plaintiff and Mootz.

Mootz's interest in the premises was terminated by cancellation of his contract during the month of December 1942. Shortly prior thereto, plaintiff was advised by Mootz and by the Prudential that

the contract for deed was being terminated and that plaintiff should remove all of his automobiles and parts from the leased tract. This, plaintiff at all times failed and refused to do.

Subsequently, the Prudential made a written lease with defendant for the entire farm. Thereunder, defendant was entitled to possession as of January 1, 1943. Plaintiff then still had a large number of secondhand and junked cars and parts thereof on the two-acre tract. Defendant immediately instructed him to remove them, as they constituted an "eyesore" and interfered with defendant's full use of the farm. This and other requests to the same effect were ignored by plaintiff. The Prudential, both prior and subsequent to January 1, 1943, requested plaintiff to remove his property, but such requests were likewise ignored.

In June 1943, defendant, believing that plaintiff had abandoned the aforesaid personal property on the two-acre tract, hauled some of it to a grove in the rear of his house. Plaintiff concedes that this was done with his express consent. Thereafter, there still remained on the two-acre tract a substantial number of secondhand cars, frames, junk, and other parts belonging to plaintiff, which plaintiff still refused to remove from the premises. After removal of the cars to the grove, defendant sold some parts thereof, including three motors. Upon plaintiff's complaint, two of said motors were returned to plaintiff, and, as previously indicated, the court determined that the remaining property, including the other motor sold by defendant, amounted in value to $15, for which the court allowed plaintiff due credit. Shortly after the sales aforesaid, defendant commenced proceedings to sell the cars above described to satisfy a possessory lien for the storage thereof. This action by plaintiff followed.

In the fall of 1944, after the commencement of this action, plaintiff removed the cars involved herein to his garage in the city of Marshall. Thereafter there still remained on defendant's premises the framework of various secondhand cars, as well as parts thereof, scattered about the tract. Plaintiff paid no rental for the two-acre tract at any time subsequent to the termination of the Mootz con-

tract for deed, and it was not until February 1945 that he finally removed the last of his property therefrom.

At the trial, plaintiff sought to establish that he had entered into a lease with defendant. Defendant testified positively that he at no time entered into an agreement, either oral or written, with plaintiff for the lease of any part of the premises, but, on the contrary, testified that he had requested plaintiff to remove his property therefrom. In his answer, in addition to his counterclaim for damages for the wrongful use of his premises, defendant asserted his right to a possessory lien for storage of the cars involved, but this latter claim was not pressed, and the court made no findings thereon. It does not appear to be before us now.

Plaintiff submitted testimony to the effect that the cars here involved were in good condition at the time defendant took possession of the premises, and that at the time of their removal therefrom they had become worthless except as junk because of defendant's removal and conversion of various parts thereof, all to his damage in excess of the sum of $1,350. Defendant disputed this, and submitted testimony to the effect that said cars were no better than junk at the time he took possession of the farm; that he was not custodian or bailee thereof; that he had personally not converted any parts thereof except those parts above referred to on which the court made the $15 allowance specified.

On appeal, plaintiff asserts (1) that the court erred in failing to award him damages for the decrease in the value of his cars by reason of defendant's negligence in permitting others to convert parts thereof, or by reason of personally converting parts thereof to his own use; (2) that the court erred in awarding damages to defendant for plaintiff's use of the two-acre tract, contending he had evicted plaintiff therefrom when the cars were removed to the grove in the rear of the premises in June 1943; and (3) that in any event the court erred in awarding damages to defendant *up to the date of trial,* contending that defendant was not entitled to damages beyond the date of the filing of his answer and counterclaim herein.

■ It is clear that. with the termination of the Mootz contract for deed plaintiff's interest in the premises, whatever it may have been, terminated. A lessor cannot create any greater interest in his lessee than he himself possesses, and the lessee takes subject to all claims of title enforceable against the lessor. 32 Am. Jur., Landlord and Tenant, § 25. It follows that Mootz could not make a lease of the two-acre tract for a term extending beyond his own right therein under his contract for deed, and that, when this was terminated, the right of plaintiff in and to said tract likewise terminated. Under such circumstances, plaintiff's lease automatically expired with the termination of Mootz's interest, and no notice, written or otherwise, was necessary to bring about such termination. Smith v. Youmans, 96 Wis. 103, 70 N. W. 1115, 37 L. R. A. 285, 65 A. S. R. 30; Guthmann v. Vallery, 51 Neb. 824, 71 N. W. 734, 66 A. S. R. 475.

■ Since plaintiff was without right, title, or interest in the premises after the termination of the Mootz contract, his occupation thereof contrary to the will and specific instructions of defendant amounted to and became a continuing trespass. The law is well settled that a person entitled to the possession of premises may, in the absence of agreement, treat a prior tenant holding over either as a trespasser or waive the trespass and treat him as a tenant. Here, the record is clear that defendant did not elect to treat plaintiff as a tenant and that plaintiff's continued occupancy of the premises against the will of defendant constituted a trespass. As stated in King v. Durkee-Atwood Co. 126 Minn. 452, 455, 148 N. W. 297, 298, L. R. A. 1915A, 235:

"* * * The doctrine is that the landlord has the option to hold the tenant [holding over] for another period, or to treat him as a trespasser or a tenant at sufferance."

See, also, 32 Am. Jur., Landlord and Tenant, §§ 918, 919. If such rule be applicable as between a former landlord and his tenant holding over, there is much more logic for its application here, where defendant at no time consented to be plaintiff's lessor and

where plaintiff's occupancy of defendant's premises was at all times without even color of right.

■ Where possession is unlawfully withheld, damages are recoverable against the wrongdoer, and the measure thereof has been held to be the reasonable rental value of the premises for the time the wrongdoer retains such wrongful possession. Here, defendant presented evidence of the reasonable rental value of the two-acre tract wrongfully withheld by plaintiff. The court also had before it the terms of the oral lease between plaintiff and Mootz, as well as the terms of the lease between defendant and the Prudential. Such evidence would amply sustain an award substantially in excess of the amount allowed by the court, which was actually less than the monthly rental which plaintiff had been paying for the premises prior to defendant's acquisition thereof. See, Barlow v. Hoffman, 103 Colo. 286, 86 P. (2d) 239, 120 A. L. R. 552; Denecke v. Henry F. Miller and Son, 142 Iowa 486, 119 N. W. 380, 19 Ann. Cas. 949; Stephenson v. Peterson, 131 Kan. 690, 293 P. 497; Murtland v. English, 214 Pa. 325, 63 A. 882, 112 A. S. R. 747, 6 Ann. Cas. 339; Annotation, 39 A. L. R. 386; 17 Ann. Cas. 284; Annotation, 15 B. R. C. 601.

■ ▪ There is no evidence to sustain plaintiff's claim that he was evicted from the premises in June 1943. Eviction is dependent upon the relationship of landlord and tenant, which is absent here. Defendant has denied that plaintiff was his tenant and has sued, not for rental, but for damages for trespass or wrongful occupancy of the premises. Further, eviction contemplates a *wrongful* withholding or depriving of possession of premises, and there is no evidence here to sustain such a claim. The automobiles removed to the back of the grove in June 1943 were placed there, according to plaintiff's admissions, *with his consent.* Thereafter a substantial amount of wrecked cars and junk still occupied the full two-acre tract. These were not removed until February 1945. Under the circumstances, there is nothing to sustain plaintiff's contention that he was evicted from the premises in June 1943, and hence that he was without

obligation to pay defendant for damages for withholding the same from him thereafter. 32 Am. Jur., Landlord and Tenant, § 245.

■ Plaintiff contends that the court was without authority to allow damages up to the final date of trial, or that defendant was entitled to damages beyond or in excess of those pleaded in his answer. The answer was filed October 25, 1943. The trial was not finally consummated until March 10, 1945. Throughout all this period plaintiff continued to use the premises of defendant and refused to remove his wrecked cars and junk therefrom, thus depriving defendant of the use thereof. In this respect the trespass was a continuing one, and defendant was entitled to damages for the same, as such. Damages accruing after the pleadings in an action have been filed may be recovered if they result from acts done before the commencement of the action and continue thereafter and constitute a part of the cause declared upon. See, Lawlor v. Loewe, 235 U. S. 522, 35 S. Ct. 170, 59 L. ed. 341; Dorman v. Ames, 12 Minn. 347 (451); Hayden v. Albee, 20 Minn. 143 (159); Abrahamson v. Lamberson, 68 Minn. 454, 71 N. W. 676.

■ Plaintiff asserts that the court erred in failing to award him damages for defendant's negligence in permitting others to convert his property and for defendant's conversion thereof. Plaintiff's claim in this respect is based upon his contention that defendant was the bailee of the automobiles at all the times they were on his premises. As previously indicated, the record is clear that plaintiff's occupancy thereof after defendant's lease commenced was that of a trespasser. The relationship of bailee and bailor, which is dependent upon an agreement, express or implied, can scarcely be said to be present here. Bailment is based upon the transfer of goods pursuant to *agreement,* express or implied, that they will be returned or accounted for by the parties to whom they are delivered. 1 Dunnell, Dig. & Supp. § 728, and cases cited. Here, there was no contract of any kind between plaintiff and defendant, and defendant at all times insisted that plaintiff remove the property from his premises. In consequence, defendant cannot be held as bailee

of said property, and no responsibility attached to him for its care or custody.

There is no evidence to sustain plaintiff's claim that defendant converted the property to his own use or removed or destroyed it, beyond the few items which he openly admitted he had sold and for which the court properly made allowance. There is nothing in the record which would have justified a finding to the effect that any damage to plaintiff was caused or occasioned by defendant. It may be noted that the cars and other property have finally been removed by plaintiff and are now in his possession. It may be true that some of them are not in the same condition they were in when purchased by plaintiff. It is not clear whether any such changes were brought about before or after defendant's occupancy of the premises. Many witnesses described the cars as "junk." Plaintiff's disinterest therein, his failure to watch over them or to bring prospective purchasers to view them would seem to sustain this contention. Under all such circumstances, we hold that the court did not err in refusing to award plaintiff damages beyond those determined in its findings.

Affirmed.

MR. JUSTICE CHRISTIANSON took no part in the consideration or decision of this case.