L. J. DESFORGE v. CITY OF WEST ST. PAUL AND ANOTHER.[1]

May 11, 1950.

No. 35,120.

[1]Reported in 42 N. W. (2d) 633.

206

*Gerald E. Carlson*, for appellant.
*James T. Spillane* and *Worth K. Rice*, for respondent.

THOMAS GALLAGHER, JUSTICE.

Action against the city of West St. Paul and Ernest Markham, a contractor engaged by it to improve certain highways therein, for the recovery of treble damages for defendants' wrongful removal of a certain quantity of dirt, sand, and gravel from plaintiff's property.

Prior to June 15, 1948, the city of West St. Paul entered into a contract with defendant Markham for the construction and improvement of certain streets in the city. Included therein was a project for the grading of Manomin avenue and Orme street. Under the terms of the contract, the city was to provide the necessary earth in connection with this work. The city engineer subsequently

indicated to Markham the land from which such earth might be taken by pointing to or in the general direction of plaintiff's property here involved. Markham thereafter commenced the removal of soil from such property, which was in the vicinity of the streets to be improved and which gave rise to the present litigation.

In its charge to the jury the trial court included the following:

"* * * if you find by a fair preponderance of the evidence that the City of West Saint Paul * * * permitted its agent Ernest Markham to go in and carry away from plaintiff's land, black dirt, sand, gravel or other material, and that the plaintiff L. J. Desforge has sustained damages by reason of such trespass, your verdict will be in favor of the plaintiff, L. J. Desforge for such sum as you may determine under instructions hereinafter to be given, or under instructions which have been given, * * * or if you find that the City caused the trespass to be made by Ernest Markham, wilfully and unlawfully, then you will give treble damages as before mentioned."

Counsel for the city thereupon excepted to the foregoing instructions as follows:

"I would like to note an exception on behalf of defendant City as to the charge for treble damages against the City on the ground that a municipal corporation can not be charged in this State for treble damages."

Subsequently the jury returned a verdict against the city in the sum of $4,350, absolving Markham from liability. The testimony submitted was such that a jury might determine that the actual damages sustained could vary between $500 and $4,775. Accordingly, it is impossible to state whether the verdict as above described was for actual damages only, or whether it included exemplary or treble damages, as might have been found under the above instructions.

The principal issues here are: (1) Did the trial court err in charging that treble damages might be recovered against the city; (2) was there sufficient evidence to sustain a finding that the ac-

tions of the city were wilful and unlawful so as to justify treble damages; and (3) did the trial court err in limiting the testimony of defendants' expert witness, John H. Stevens, as to the value of plaintiff's property?

■ The right to recover treble damages for trespass to realty is purely statutory. 6 Dunnell, Dig. & Supp. §§ 9694 to 9696. Likewise, exemplary damages against municipal corporations are not recoverable unless expressly authorized by statute. See, City of Chicago v. Langlass, 52 Ill. 256, 4 Am. R. 603; Bennett v. City of Marion, 102 Iowa 425, 71 N. W. 360, 63 A. S. R. 454; McGary v. City of Lafayette, 12 Rob. (La.) 674, 43 Am. D. 239; Town of Newton v. Wilson, 128 Miss. 726, 91 So. 419; Wilson v. City of Wheeling, 19 W. Va. 323, 42 Am. R. 780; Annotations, 61 L. R. A. 712, 20 L. R. A. (N. S.) 764, 29 L. R. A. (N. S.) 864, 28 A. S. R. 877. The question has not been previously determined here. See, Hammer v. Forde, 125 Minn. 146, 145 N. W. 810.

■ Under the foregoing principles, it is clear that if the trial court's charge here on the issue of treble damages is to be upheld, some statutory authority must be found to sustain it. This, plaintiff asserts, is contained in M. S. A. 621.25 and 621.26, which provide:

"621.25 Every person who shall wilfully:

\*　　\*　　\*　　\*　　\*

"(4) Dig, take, or carry away, without lawful authority or consent, from any lot of land in any city \* \* \* any earth, soil, or stone;

\*　　\*　　\*　　\*　　\*

"\* \* \* shall be guilty of a misdemeanor.

"621.26 Every person who shall unlawfully and wilfully destroy or injure any real or personal property of another, which is not specially described herein, and where the punishment is not specially prescribed by statute, shall be punished as follows:

\*　　\*　　\*　　\*　　\*

"In addition to the punishment herein prescribed, he shall be liable in treble damages for the injury done, to be recovered in a civil action by the owner of the property, \* \* \*."

We do not agree with plaintiff's conclusion that the foregoing statutes form a sound basis for the recovery of treble damages against defendant city for the offenses here involved, which arise under § 621.25. Chapter 621 is a penal statute dealing with offenses against property. Therein the legislature provided criminal penalties for certain offenses described therein, and in § 621.26 treble damages are authorized in civil actions only for the offenses covered by the latter section. This section containing the treble damage clause is made applicable only to offenses "not specially described" in the chapter, and where the punishment therefor is not "specially prescribed by statute." Since here the wrongful actions of defendants are specially described in the chapter in § 621.25(4), and since the punishment therefor is specially prescribed therein, *i.e.*, the general statutory penalty for misdemeanors, it follows that § 621.26 cannot be the statutory basis for the collection of treble damages for such offenses either against a municipality or otherwise. Hazak, Inc. v. Robertson Goetz Bldg. Co. Inc. 289 N. Y. 478, 46 N. E. (2d) 893.

■ Plaintiff contends that his construction of §§ 621.25 and 621.26, as sustaining statutory authorization for the collection of treble damages against a municipality, is supported by Mason St. 1927, § 9585, and its predecessor, G. S. 1913, § 8090. Both statutes are now incorporated in M. S. A. 561.04. They refer to civil judicial remedies for certain kinds of trespass to real property and relate solely to certain acts therein specified, which are entirely dissimilar from those forming the basis of the present action. These statutes have no bearing on the history or source of §§ 621.25 and 621.26, which, except for the limited extent noted in § 621.26, deal with criminal penalties rather than civil remedies for injury to property.

■ It being impossible to determine whether the jury's award included the assessment of treble damages or was limited merely to the actual damages, it follows that the order appealed from must be reversed and a new trial granted. See, Ohrmann v. C. & N. W. Ry. Co. 223 Minn. 580, 27 N. W. (2d) 806.

■ Our decision on this issue renders it unnecessary to decide whether the evidence is sufficient to sustain a finding of wilful and malicious taking. Insofar as the testimony of the expert John H. Stevens is concerned, the action of the trial court in determining the sufficiency of the foundation therefor and in placing limitations thereon rested largely within its discretion. Since a new trial has been granted, at which this question may not be presented, we shall not discuss it further at this time. Manley v. Connolly, 155 Minn. 343, 193 N. W. 590; McDowell v. Hanson, 204 Minn. 349, 283 N. W. 537.

Reversed and a new trial granted.