172 So.2d 455 (1965)
Thomas E. FISHER, Petitioner,
v.
The CITY OF MIAMI, a Municipal Corporation, Thomas Marshall, and William Jackson, Respondents.
No. 33402.
Supreme Court of Florida.
February 17, 1965.
Rehearing Denied March 29, 1965.
Frates, Fay & Floyd and Larry S. Stewart, Miami, for petitioner.
John R. Barrett, City Atty., and John S. Lloyd, Asst. City Atty., for respondents.
Nichols, Gaither, Beckham, Colson & Spence and Alan R. Schwartz, Miami, amicus curiae.
THORNAL, Justice.
By a petition for certiorari we have for review a decision of a District Court of Appeal which has been certified to us as one which passes upon a question of great public interest.
We must determine whether a Florida municipality is subject to an award of punitive damages in an action for an intentional tort committed by an employee while acting within the scope of his employment.
Fisher sued the City of Miami and two police officers. He claimed compensatory and punitive damages for an alleged unlawful assault. The trial judge granted the City's motion to strike the claim for punitive damages. He subsequently entered a summary final judgment for the City. The judge had the view that a municipality cannot be held liable for an intentional tort committed *456 by its employees. On appeal, the Court of Appeal, Third District, reversed the summary judgment on the authority of its decision in Simpson v. City of Miami, Fla.App., 155 So.2d 829. It was the view of the District Court that a Florida municipality may be held liable for intentional torts committed by its employees. However, the District Court further concluded that the municipality could not be held liable for an award of punitive damages when sued for such a tort. It therefore affirmed the granting of the motion to strike. It is this decision which is now here for review. Fisher v. The City of Miami et al., 160 So.2d 57.
Since the decision contains a question which has been certified to us as one of great public interest we proceed immediately to a consideration of the merits.
The petitioner has argued primarily the punitive damages aspect of the problem. Additionally, the respondent has discussed the related problem of the liability of a municipality for an intentional wrong. By our opinion in City of Miami v. Simpson, 172 So.2d 435, filed 17 day of February 1965, we have disposed of that aspect of the instant case which involves the intentional wrong question. We there held that a Florida municipality may be held liable for an intentional tort committed by an employee while acting within the scope of his employment. We, therefore, find here that the District Court ruled correctly in holding that municipal liability may arise out of an intentional tort committed by an employee.
We reach the punitive damages problem. The petitioner Fisher contends that a Florida municipality is now subject to punitive damages in a proper case. He relies primarily upon Hargrove v. The Town of Cocoa Beach, Fla., 96 So.2d 130, 60 A.L.R.2d 1193 and City of Miami v. McCorkle, 145 Fla. 109, 199 So. 575. The respondent contends that Hargrove did not extend municipal liability to comprehend punitive damages and that McCorkle did not conclude the point.
In Hargrove we dealt with a concept of liability and certain situations out of which an obligation to pay damages might arise. Except as specifically limited, it laid aside the governmental-proprietary dichotomy and recognized a right to compensation for a wrong done. We did not there deal with the extent or amount of recovery. In setting aside the outmoded distinctions which previously had precluded recovery, we grounded our justification on the individual's right to compensation for a wrong done. The significance of Hargrove has been evidenced by its acceptance by other courts and its endorsement by the legal writers. Furthermore, three sessions of the Legislature have now intervened and there has been no legislative restriction on the Hargrove rule. We have given it further recognition by our opinion in City of Miami v. Simpson, supra.
In summary, Hargrove took cognizance of the injustices which had been produced by an antiquated concept of immunity. It proceeded to right those wrongs by clarifying the basic element of liability. It did so in the posture of allowing compensation for wrongs done. We think the results have been both salient and salutary. Despite all of this, we did not go beyond compensation as the ultimate to be achieved from the liability there imposed.
Petitioner insists that Florida is already committed to the allowance of punitive damages in the instant situation by the decision of this Court in City of Miami v. McCorkle, supra. Admittedly, the problem was involved in some measure in that decision. However, it was not there resolved. McCorkle cannot be accepted as a definitive conclusion that punitive damages are recoverable against a Florida municipality. The reason appears from the opinion. The point was raised but not settled. The McCorkle court specifically avoided a holding on the point by deciding that the jury had obviously declined to allow any punitive damages. Hence, the question of the basic allowability of such an award was not there ripe for a decision.
*457 In proceeding to a judgment here we should recall that the primary basis for an award of damages is compensation. That is, the objective is to make the injured party whole to the extent that it is possible to measure his injury in terms of money. The award of punitive or exemplary damages constitutes an exception to the purely compensatory aspect of the damages concept as a means to right a wrong. McCormick on Damages, Section 77. Compensatory damages are recoverable as a matter of right. Punitive damages are not an absolute right. Florida East Coast Ry. Co. v. McRoberts, 111 Fla. 278, 149 So. 631, 94 A.L.R. 376.
Basically, the justification for a punitive award is to punish the offender and to deter others from committing similar wrongs. Smith v. Bagwell, 19 Fla. 117, 121; Winn & Lovett Grocery Co. et al v. Archer, 126 Fla. 308, 171 So. 214. Punishment and deterence being the principal supports for allowing this type of money award, the courts have historically declined to allow it in actions against municipal corporations for torts committed by their employees. While the wrongdoing employee is vulnerable to a punitive award, Hutchinson v. Lott, Fla. App., 110 So.2d 442, the municipality is not.
The majority of the District Court here announced numerous cogent reasons for this conclusion. Most of them are well-documented by the annotation in Desforge v. City of West St. Paul, 231 Minn. 205, 42 N.W.2d 633, 19 A.L.R.2d 898. See also, Brown v. Village of Denning, 56 N.M. 302, 243 P.2d 609.
The public policy which motivates the conclusion appears to be sound. Since punishment is the objective, the people who would bear the burden of the award  the citizens  are the self-same group who are expected to benefit from the public example which the punishment makes of the wrongdoer.
Another aspect of the matter is the rule which permits evidence of the wealth of a tortfeasor as a measure of the amount of punitive damages which should be awarded. Maiborne v. Kuntz, Fla., 56 So.2d 720; Hutchinson v. Lott, supra. The theory is  the wealthier the wrongdoer, the greater the award. Otherwise stated, a relatively small sum might be adequate to punish a poor man. A much greater sum, for the same wrong, would be needed to punish a rich man. If this were allowed against municipalities, it would permit evidence of the unlimited taxing power as the measure of a proper verdict. This is often suggested as an adequate justification for denying an award of punitive damages against a city.
The petitioner and amicus curiae recognize the evidentiary point last discussed. However, they urge that we hold for punitive damages but prohibit evidence of the wealth of the city. This apparent compromise would completely eliminate the punishment element which is a prime justification for the award at the outset. This is so because there would then be no guide to the jury regarding the amount necessary to administer effective punishment.
The deference element likewise adds little justification for this type of award against a municipality. In the first place it is to be assumed that the municipal officials will do their duty and if discipline of a wrongdoing employee is indicated, appropriate measures will be taken without a punitive award.
Further, a huge award against the City would not necessarily deter other employees who generally would be unlikely to be able to pay a judgment assessed against them personally.
We conclude that, in the present state of the law on the subject, we should align ourselves with the vast majority of the courts which hold that, in the absence of some legislative pronouncement, municipalities are not liable for punitive damages when sued for a wrong committed by an employee.
Agreeing as we do with the decision under review, the writ is discharged.
It is so ordered.
*458 DREW, C.J., and THOMAS, ROBERTS, O'CONNELL and ERVIN, JJ., concur.
CALDWELL, J., concurs in judgment. See dissent in City of Miami v. Simpson, Fla., 172 So.2d 435, filed February 17, 1965.