## FRANCIS D. KORTSAN v. POOR RICHARDS, INC.

188 N. W. (2d) 415.

June 4, 1971—No. 42475.

*John E. Daubney,* for appellant.

*O'Neill, Burke & O'Neill, Patrick H. O'Neill,* and *Jon R. Duckstad,* for respondent.

Heard before Knutson, C. J., and Murphy, Peterson, Kelly, and Odden, JJ. Reconsidered and decided on the record by the court en banc.

DONALD C. ODDEN, JUSTICE.*

Appeal from an order of the district court denying defendant's motion for amended findings or, in the alternative, a new trial.

This case involves plaintiff's claim that defendant trespassed upon his property. The matter was tried before the court without a jury, and the trial court made findings substantially as follows:

Plaintiff, Francis D. Kortsan, is the owner of six unimproved lots between Arkwright and Clark Streets in St. Paul and defendant, Poor Richards, Inc., operates a junkyard situated across Clark Street from Kortsan's property. In 1962, without having obtained the landowner's permission, defendant deposited on plaintiff's property some sand and gravel to prevent erosion of the Clark Street access way. In the latter part of 1967 or early 1968, defendant, again without permission,[1] began to use plaintiff's property as a dumping ground on which defendant stored old oil drums, junked automobiles, and other scrap related to its operation of a junkyard business. When plaintiff discovered in 1969 that his property was being used as a junkyard, he requested defendant to cease and desist from continuing its operation on his land and to vacate the same. Defendant ignored plaintiff's request, and a subsequent effort by plaintiff's attorney to obtain

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

[1] At trial, defendant contended that it was using the property pursuant to an oral lease allegedly given by plaintiff's former business partner. The court found that "[t]he evidence, however, clearly does not support this contention," and it is clear from the transcript that the court's finding has adequate support on the record.

removal of the refuse proved unavailing. Thereafter, the present suit was commenced.

The court, in ordering judgment for plaintiff, found that "[t]he use of Plaintiff's land was unlawful, without claim of right, and constituted a trespass which, by its nature, is a continuing one." The court determined that the continuing trespass was willful and that plaintiff was entitled to treble damages therefor pursuant to Minn. St. 561.04. The court further determined that plaintiff's property, used by defendant, had a reasonable rental value for the period of the trespass of $1,250 and therefore, under the statute, awarded judgment for treble damages in the sum of $3,750, plus costs and disbursements.

The issues on appeal relate solely to the amount of damages awarded by the court. Defendant contends (1) that the reasonable rental value as established by plaintiff's expert witness was excessive; and (2) that the court erred in assessing treble damages.

■ It is clear from an examination of the record that there was adequate evidentiary support for the court's finding of general damages. The measure of damages was the estimated rental value of the property, plus taxes, during the period of continuing trespass. The rental value was computed on the basis of 8 percent of the net value of the property, and defendant asserts that too high a value was attributed to the property. James Huspek, a realtor and qualified appraiser, testified that, on the basis of his investigations and comparisons with sales of similar properties, the value of the six lots was approximately $2,000 per lot. However, defendant offered no countervailing expert testimony to rebut Mr. Huspek's opinion, and defendant's assertion has no merit. If due regard is given to the trial judge's opportunity to evaluate the evidence, it is clear that the court's finding of general damages must stand.

It is well established that a proper measure of damages for continuing trespass to land is the reasonable rental value of that land during the period of trespass. Schrunk v. Andres, 221 Minn.

465, 22 N. W. (2d) 548; 19 Dunnell, Dig. (3 ed.) § 9694. Since there is in the record evidence which supports the court's finding of general damages of $1,250, it is apparent that the court's determination in this regard must be sustained. See, generally, Caroga Realty Co. v. Tapper, 274 Minn. 164, 143 N. W. (2d) 215.

Defendant also argues that the damages were excessive in that defendant's material occupied only two of the six lots and that damages accordingly should be reduced by two-thirds. Apparently, the other four lots are on steeply sloped land and defendant asserts that those lots are "unusable." There is, however, some indication that the trespass occurred on more than two of the lots. Moreover, it should be noted that the lots in question comprise a single, rectangular parcel of land and that the lots apparently are in no way delineated one from another. It is apparent that defendant's position in this regard is untenable. Defendant cites no authority for the proposition that damages for trespass, where the lots in question are contiguous, may be assessed only for the area of a property owner's land which was actually occupied wrongfully. To accept that argument could in effect place a trespasser in a more favorable position than a buyer or renter who rightfully occupies land, for a buyer or renter of a parcel of property generally pays for both the usable and unusable portions of the tract; and that a trespasser should be treated differently would seem incongruous. If, as defendant asserts, four of the lots were "unusable," presumably those lots would be less valuable than the more attractive portions of the tract. The appraisal in this case was directed toward the entire tract, and the indicated value per lot was simply an average figure. Nevertheless, defendant would have this court reduce the damages by two-thirds apparently on the assumption that the unusable lots would be ascribed the same value as the usable lots. That argument is not persuasive and does not warrant our disturbing the trial court's findings in this regard.

■ In contrast to the first issue, it seems that defendant is correct in asserting that the court erred in assessing treble dam-

ages. It should be noted that the additional damages here in question are not exemplary or punitive damages awarded for willful, malicious trespass. Hence, we do not face the question whether such damages may be awarded in an appropriate case. See, Craig v. Cook, 28 Minn. 232, 9 N. W. 712; Lynd v. Picket, 7 Minn. 128 (184). Rather, the award of treble damages here in question admittedly was based solely on statutory authority, and the question for review therefore is simply whether it was authorized by statute.

This court has stated previously that the right to recover treble damages for trespass is purely statutory. Desforge v. City of West St. Paul, 231 Minn. 205, 208, 42 N. W. (2d) 633, 634, 19 A. L. R. (2d) 898, 901. See, also, 19 Dunnell, Dig. (3 ed.) § 9696.

The statute relied upon by the court below is inapplicable for, on its face, it applies only to damages for willful removal of timber and other products of the soil. 19 Dunnell, Dig. (3 ed.) § 9696.

Minn. St. 561.04 reads as follows:

"Whoever without lawful authority cuts down or carries off any wood, underwood, tree, or timber, or girdles or otherwise injures any tree, timber, or shrub, on the land of another person, or in the street or highway in front of any person's house, village, or city lot, or cultivated grounds, or on the commons or public grounds of any city or town, or in the street or highway in front thereof, is liable in a civil action to the owner of such land, or to such city or town, for treble the amount of damages which may be assessed therefor, unless upon the trial it appears that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which the trespass was committed was his own, or that of the person in whose service or by whose direction the act was done, in which case judgment shall be given for only the single damages assessed. This section shall not authorize the recovery of more than the just value of timber taken from uncultivated woodland for the repair of a public highway or bridge upon or adjoining the land."

An examination of the cases arising under the statute discloses no instance of recovery not involving removal of timber. See, e. g., Mississippi River Logging Co. v. Page, 68 Minn. 269, 71 N. W. 4; Sittauer v. Alwin, 151 Minn. 508, 187 N. W. 611; Daly v. Duwane Const. Co. 259 Minn. 155, 106 N. W. (2d) 631; Lawrenz v. Langford Elec. Co. 206 Minn. 315, 288 N. W. 727; Meixner v. Buecksler, 216 Minn. 586, 13 N. W. (2d) 754. Moreover, this court has stated, with regard to an earlier similar statute, that such a statute is penal in nature and should receive a narrow construction "and not be extended to cases not within its spirit as well as letter." Berg v. Baldwin, 31 Minn. 541, 542, 18 N. W. 821, 822. In that decision, this court held that the statute—which was worded more broadly than that here under consideration—was limited to products of the soil, such as timber and hay, and therefore was not applicable to a trespass involving the removal of oxen. In Desforge v. City of West St. Paul, *supra,* this court construed Minn. St. 561.04 narrowly and refused to extend it to a case involving removal of gravel.

The mere fact that some brush removal may have occurred in the present case does not suffice to bring it within the statute. The statute provides for imposition of "treble the amount of damages which may be assessed *therefor"* (italics supplied) ; and it is clear that "therefor" refers to the general damages for removal of the timber and similar commodities. As is evident from an examination of cases arising under the statute, the theory applied in granting recovery in such cases is that of diminution of the value of the land due to removal of the resources. In the present case, however, there is no evidence of diminution of the land's value (indeed, it may have been enhanced) ; instead, damages consist of the reasonable rental value of the land, and it seems clear from the statute and cases arising thereunder that assessment of treble damages in such a situation is not authorized. Accordingly, the judgment for treble damages may not stand and the judgment entered must be modified to include the general damages only.

We therefore hold that judgment against defendant corporation must be reduced to $1,250, plus the $10-per-day additional damages from the date of trial to the date of abatement, plus interest and costs, and we remand with directions to enter judgment in that amount.

Affirmed in part, reversed in part, and remanded with instructions.

MURPHY, JUSTICE (dissenting).

In this case, the trial court found, among other things:

"Late in 1967 or early 1968 the Defendant began to use Plaintiff's property as a dumping ground, storing on same such refuse as old drums, junked automobiles, water tanks, and scrap iron. These refuse items were scattered over the various lots owned by the Plaintiff and this refuse continued to exist on the property ever since that time to the date of trial, February 19, 1970.

"Although Defendant contends that he entered into a five-year oral lease in 1967 which gave him the right to use Plaintiff's property, and whereby he was to improve Plaintiff's lots by leveling, grading and filling, the evidence clearly does not support this contention.

"When Plaintiff learned for the first time in the Spring of 1969 that Defendant was using his property as an adjunct to his junk yard, Plaintiff attempted to have Defendant discontinue this use and remove the refuse from his property and thereafter made another effort through employed counsel to have the Defendant discontinue the use of the land and remove the refuse from the property.

"The use of Plaintiff's land was unlawful, without claim of right, and constituted a trespass which, by its nature, is a continuing one."

It seems to me that the trial court's determination not only fairly applies Minn. St. 561.04 but also is entirely consistent with the policy of the law which protects property rights and imposes

penalties on those who trespass upon, or damage, property which does not belong to them.

I would affirm.

KELLY, JUSTICE (dissenting).

I concur in the court's opinion that Minn. St. 561.04 is not applicable in the instant case. However, I would dissent on the instructions to the lower court upon remand.

This is obviously an aggravated case of willful trespass and under our modern and liberalized view of pleadings, the court below in its discretion should be permitted to award on the remand such exemplary or punitive damages as may be appropriate and add the same, if any, to the general judgment of $1,250, plus the $10 per day from the date of trial to the date of abatement, together with interest and costs.