Ralph O. Johnson Attorney for East Beach Water Control District Pahokee
QUESTION:
Is the East Beach Water Control District a `state agency or subdivision' for the purposes of and within the scope of s.768.28, F. S.?
SUMMARY:
The East Beach Water Control District is within the definitional purview of s. 768.28(2), F. S., as amended. Accordingly, in the absence of judicial determination to the contrary, the monetary limitations on tort liability set forth in s. 768.28(5), F. S., as amended, are applicable to such district.
Pursuant to s. 768.28, F. S., the Legislature has waived immunity with respect to tort liability for the state `and for its agencies or subdivision.' The waiver of immunity is limited to $50,000 on any claim or judgment by one person or $100,000 for all claims arising out of the same incident or occurrence. Section 768.28(5), F. S.
Section 768.28(2), F. S., defines the phrase `state agencies or subdivisions' to include:
 . . . the executive departments, the legislature, the judicial branch, and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities. (Emphasis supplied.)
See also s. 1.01(9), F. S., which generally defines the term `political subdivision' to include `counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge district and all other districts in this state.' (Emphasis supplied.)
In AGO 075-114, this office concluded that the Southeastern Palm Beach County Hospital District, established by Ch. 29387, 1953, Laws of Florida, as a special taxing district with all the powers of a body corporate, including the power to establish, construct, lease, operate, and maintain hospitals within the district's boundaries (see ss. 3 and 5 of Ch. 29387), was included within the definitional purview of s. 768.28(2), F. S. Attorney General Opinion 078-42 recently reaffirmed this conclusion with respect to the above hospital district and further held that, pending judicial determination to the contrary, the monetary limitations on liability contained in s. 768.28(5), F. S., as amended by Ch.77-86, Laws of Florida, were applicable to the district. See also
AGO 078-106, in which a district mental healen board established as a nonprofit corporation under part IV of Ch. 394, F. S., to,inter alia, provide coordinated mental health services within a service district of the Department of Health and Rehabilitative Services was found to be a `state agency or subdivision' for the purposes of and within the scope of s. 768.28, F. S.; and AGO 078-33, holding that a municipal housing authority created under Ch. 421, F. S., as a `public body corporate and politic' to perform `the public and essential governmental functions' set forth therein was within the definitional purview of s. 768.28, F. S., as amended, and, pending judicial determination to the contrary, was subject to the monetary limitations contained in s.768.28(5), F. S., as amended.
With respect to the instant inquiry, an examination of the enabling legislation creating the East Beach Water Control District reveals that said district is expressly deemed to be `a public corporation of this state.' Section 2 of Ch. 75-469, Laws of Florida. See Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage Dist., 82 So. 346 (Fla. 1919). This district is empowered to exercise enumerated powers for general drainage and water control purposes withing the boundaries of the district including, inter alia, the power to levy taxes, acquire property, borrow money, and construct and operate canals, ditches, drains, levees, and other works. Section 3, Ch. 75-469, Laws of Florida. Additionally, the district is to possess all of the powers provided in Ch. 298, F. S.
Accordingly, I am of the view that the East Beach Water Control District is within the definitional purview of s. 768.28(2), F. S., as amended. Therefore, in the absence of judicial determination to the contrary, the provisions of that statute, including the monetary limitations on tort liability set forth in s. 768.28(5), F. S., as amended, are applicable to such district. It might be noted that, priot to the enactment of s. 768.28, F. S., it was held that drainage districts established under Florida law were immune from tort liability. See Seaboard Air Line R. Co. v. Sarasota-Fruitville Drainage Dist., 255 F.2d 622 (5th Cir.),cert. denied, 358 U.S. 836 (1958). Cf. Palm Beach County v. South Florida Conservancy Dist., 170 So. 630 (Fla. 1936). Therefore, it would appear that statutory monetary limitations upon the state's waiver of sovereign immunity with respect to the tort liability of such districts could lawfully be established by the Legislature.See Fisher v. City of Miami, 172 So.2d 455 (Fla. 1965).
Prepared by: Patricia R. Gleason, Assistant Attorney General