# Third District Court of Appeal

## State of Florida

Opinion filed April 1 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0427
Lower Tribunal No. 22-41273-SP-05
_____

**Viorel Cioi,**
Appellant,

vs.

**DNP Transmission Inc.,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Natalie Moore, Judge.

Viorel Cioi, in proper person.

No appearance, for appellee.

Before LINDSEY, GORDO and BOKOR, JJ.

GORDO, J.

Viorel Cioi ("Cioi") appeals from a final judgment entered in favor of DNP Transmission Inc. ("DNP") following a non-jury trial. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm.

DNP is an auto repair shop that performed repair work on Cioi's vehicle. Cioi did not pay for the work performed. DNP filed the underlying action, seeking payment for the repairs. Cioi filed his answer, asserting he was not bound to pay for any repair work because DNP did not provide him with a written estimate. After trial, the trial court entered final judgment, finding that while DNP did not furnish a written estimate, Cioi expressly authorized the repair work and accepted its benefits. Cioi moved for rehearing, which the trial court denied. This appeal followed.

Cioi argues, under section 559.905(1), Florida Statutes, DNP was required to furnish a written estimate of repairs exceeding $150 and its failure to do so relieves him of any payment obligation despite his express authorization of the work.[1]

Section 559.905(1) requires a motor vehicle repair shop to provide "a written repair estimate" before performing any diagnostic or repair work

---

[1] "We review questions of statutory interpretation de novo." Lopez v. Hall, 233 So. 3d 451, 453 (Fla. 2018). "We review the trial court's factual findings for competent substantial evidence." Aristizabal v. Pina, 273 So. 3d 1125, 1125 (Fla. 3d DCA 2019).

expected to exceed $150. § 559.905(1), Fla. Stat. Section 559.921(7), however, provides that if repairs and their costs were "in fact authorized, orally or in writing, the repairs were completed in a proper manner, and the consumer benefited therefrom," the trial court may consider those factors in awarding the reasonable value of the repairs. § 559.921(7), Fla. Stat. "The text of the Repair Act neither says nor reasonably implies that a repair shop's violation of the disclosure requirements at issue renders a subsequent repair invoice entirely void." Gov't Emps. Ins. Co. v. Glassco Inc., 394 So. 3d 1115, 1120 (Fla. 2024).

While section 559.905(1) requires a written estimate for repairs exceeding $150, section 559.921(7) allows the trial court to award the reasonable value of repairs if they were authorized, properly performed and beneficial to the consumer. The trial court expressly found these conditions satisfied here. Specifically, DNP's representative testified at trial that Cioi expressly authorized the repairs and both parties agreed to a price that matched the amount ultimately billed upon completion. The trial court found this testimony credible. See Y.P. v. Dep't of Child. & Fam. Servs., 939 So. 2d 1118, 1119–20 (Fla. 3d DCA 2006) ("Weighing the evidence is the province of the trial court, and this Court will not disturb the trial court's credibility findings.").

3

Accordingly, we conclude the trial court correctly found that the repair shop is entitled to payment for the services rendered. See Gov't Emps. Ins. Co., 394 So. 3d at 1120-21 ("[N]otwithstanding a repair shop's violation of the Repair Act, the Legislature has expressly allowed government enforcement entities to adjust penalties or damages if repairs were authorized and properly performed. . . . We need not and do not decide whether a bare disclosure violation causes 'injury' for purposes of the statute. Assuming a statutory violation has caused an injury, 'the primary basis for an award of damages is *compensation*. That is, the objective is to make the injured party whole to the extent that it is possible to measure his injury in terms of money.' To void a repair shop's invoice after a bare statutory violation would go beyond statutorily authorized 'damages' and instead serve as a form of extra-statutory punishment." (quoting Fisher v. City of Miami, 172 So. 2d 455, 457 (Fla. 1965))).

Affirmed.